IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BACKPAGE.COM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-06340 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| THOMAS J. DART, Sheriff of Cook County, Illinois, | ) ) | Magistrate Judge Young B. Kim |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ENTRY OF
MODEL CONFIDENTIALITY ORDER**

Defendant Thomas J. Dart, Sheriff of Cook County Illinois, by his undersigned Special Assistant States Attorneys, requests pursuant to Federal Rule of Civil Procedure 26(c) that this Court enter its model confidentiality order, and in support thereof states:

**BACKGROUND**

In response to Sheriff Dart's document requests, Backpage.com produced fewer than five hundred documents (in contrast to Sheriff Dart producing more than ten thousand documents). Backpage.com objected in its "General Objections" to each and every discovery request "to the extent they are … not relevant to the limited issues the Court has suggested may be addressed with regard to the preliminary injunction motion," and also specifically objected to nearly every discovery request for the same reason. Backpage.com now seeks to continue its abuse of the discovery process by refusing to produce any additional documents unless they are produced pursuant to an "Attorneys Eyes Only" ("AEO") agreement. While Sheriff Dart agrees that entry of the model confidentiality order to protect certain documents is warranted in this case, for the reasons discussed below, Backpage.com should not be permitted to further unfairly

prejudice the defense of the allegations in the complaint by designating the entirety of any remaining document production as AEO.

## DISCUSSION

The parties agree that a confidentiality order to protect the confidentiality of the documents produced in this case is warranted. However, Backpage.com seeks to improperly shield all of its document production from the very party it has accused of violating its constitutional rights by being allowed to designate its document production as AEO. As discussed below, this is contrary to clear case law, especially since the parties are not direct competitors. As such, the Court should enter the Model Confidentiality Agreement with Alternative B under paragraph 4, allowing the parties to designate documents as confidential, but not AEO.

### I. Sheriff Dart moves for entry of the Model Confidentiality Order to protect the confidentiality of certain documents produced

Sheriff Dart seeks entry of the Northern District of Illinois Model Confidentiality Agreement to protect confidential documents produced by both parties in this litigation. Federal Rule of Civil Procedure 26 provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pro. 26(c)(1); *see also Bond v. Utreras,* 585 F.3d 1061, 1067 (7th Cir. 2009) (Sykes, J.). "Rule 26(c) allows a court to shield certain documents from the public when there is good cause to do so." *Bond,* 585 F.3d at 1074. The rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Gordon v. Countryside Nursing & Rehab. Ctr., LLC,* No. 11 C 2433, 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012) (Coleman, M.J.). The moving party bears the burden of showing good cause for a protective order. *Cent. States, Se. & Sw. Areas Pension Fund v. Nat'l Lumber Co.,* No. 10 C

2

2881, 2012 WL 2863478, at *2 (N.D. Ill. July 11, 2012) (Lefkow, J.) (*citing Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir.1994) (Kanne, J.). In determining whether there is good cause for a protective order, the court must balance the harm to the party seeking the protective order against the importance of public disclosure. *In re Northshore Univ. Healthsystem,* 254 F.R.D. 338, 341–42 (N.D. Ill. 2008) (Denlow, M.J.); *Doe v. Marsalis,* 202 F.R.D. 233, 237 (N.D. Ill. 2001) (Castillo, J.). "When making a good cause determination, a district court may consider privacy interests, whether the information is important to public health and safety and whether the party benefitting from the confidentiality of the protective order is a public official." *Rangel v. City of Chicago,* No. 10 C 2750, 2010 WL 3699991, at *1 (N.D. Ill. Sept. 13, 2010) (Lefkow, J.) (quotations omitted).

In seeking to designate the documents in this case as confidential, the parties are in agreement. Each party seeks to designate as confidential sensitive documents, such as documents pertaining to prostitution sting operations and other illegal activities, business documents and financial documents. To that extent, this is an agreed motion. However, Backpage.com seeks to go a step beyond confidential designations and asks this Court to allow it to designate much of its production as AEO.

## II. The Court should reject Backpage.com's demand to be permitted to designate documents as AEO

Backpage.com should not be permitted to further abuse the discovery process by being permitted to designate its document production as AEO. Such a designation is contrary to clear case law. Specifically, "[a]lthough two-tiered protective orders contemplating that some documents will be produced with a heightened AEO designation are not uncommon, the AEO designation should 'only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures.'" *Glob. Material*

3

*Techs., Inc. v. Dazheng Metal Fibre Co.*, No. 12 CV 1851, 2015 WL 5611667, at *3 (N.D. Ill. Sept. 23, 2015) (Kim, M.J.) (*quoting Team Play, Inc. v. Boyer,* No. 03 C 7240, 2005 WL 256476, at *1 (N.D. Ill. Jan. 31, 2005) (Bucklo, J.)). "The AEO designation must be used selectively because discovery and trial preparation are made significantly more difficult and expensive when an attorney cannot make a complete disclosure of relevant facts to a client and because it leaves the litigant in a difficult position to assess whether the arguments put forward on its behalf are meritorious." *Glob. Material Techs., Inc.*, 2015 WL 5611667, at *3 (N.D. Ill. 2015) (Kim, M.J.) (*citing Motorola, Inc. v. Lemko Corp.,* 08 CV 5427, 2010 WL 2179170, at *5 (N.D. Ill. June 1, 2010) (Kennelly, J.)). "To justify the AEO designation, the designating party must do more than show that it is a competitor of the receiving party or that the documents in question disclose information about the designating party's relationships with other competitors. Instead, the designating party needs to show that the disclosure of the particular AEO-designated materials to even a small number of the other party's personnel would risk the disclosure of sensitive competitive information. Conclusory statements are insufficient to show that a slight expansion of disclosure puts the designating party at an appreciable risk." *Id.* (citations and quotations omitted).

In *Glob. Material Techs., Inc.,* the Court explained, in granting the plaintiff's motion to lift an AEO designation, as follows:

> In attempting to meet its burden as the designating party to show that there is good cause for maintaining the AEO designation on the challenged groups of documents, Tru Group has made only the kinds of broad allegations of unspecified harm that consistently have been found insufficient to justify the "extreme measure" of preventing a party's attorneys from sharing the documents with their clients. Tru Group's response to the current motion hinges on three blanket good-cause statements: (1) that disclosing the documents to "GMT employees would harm the business of both Tru Group and

4

> Federal–Mogul by causing GMT to gain an unearned competitive advantage over Tru Group"; (2) that disclosure would give GMT "unfair leverage over negotiations with Federal–Mogul"; and (3) that disclosure would harm Tru Group's relationship with Federal–Mogul. Nowhere in its eight-page response does Tru Group elaborate on these assertions or describe with any particularity how these generalized harms would arise from allowing GMT's attorneys to review the documents with a limited number of GMT employees. In particular, it has not addressed in any meaningful way GMT's argument that this information is stale. Instead, it simply asserts that "GMT has cited no evidence that the pricing information is in fact stale." But as the party seeking to prevent GMT from reviewing the documents, it is Tru Group's burden, not GMT's, to establish good cause and explain with particularity why the information is not stale.

*Glob. Material Techs., Inc*, 2015 WL 5611667, at *3 (N.D. Ill. 2015) (Kim, M.J.) (citations omitted).

Similarly, in *Team Play, Inc. v. Boyer,* the Court held that the plaintiff improperly designated 4,173 document pages (out of some 6,000 pages produced) as AEO. *Team Play, Inc.*, No. 03 C 7240, 2005 WL 256476, at *1 (N.D. Ill. Jan. 31, 2005) (Bucklo, J.); *see also THK Am., Inc. v. NSK Co.*, 157 F.R.D. 637, 645 (N.D. Ill. 1993) (Norgle, J.) (holding that defendants improperly designated their documents as AEO and noting that "at least 79% of the documents produced were designated as "Attorney's Eyes Only"… which was "absurdly high"). The documents so-marked consisted mainly of sales invoices, purchase and sales orders and accounting information, all of which were relevant to the defendant's claimed damages. *Id.* The Court reasoned that if the AEO "designation is not removed, [defendant's] counsel will be prohibited from discussing the damages aspect of his case with their client and [defendant] will have no information on which to make an intelligent decision as to what a reasonable settlement figure might be." *Id.* Moreover, the Court reasoned that the plaintiff's attempt to "grossly skew the balance between [the defendant's] right to discover relevant information and plaintiff's privacy interests"; that the defendant is being compelled to "fly blind"; that the plaintiff is amply protected under the Protective Order by the restrictions and conditions attendant to the

5

Confidential Information category; and that the plaintiff's "position makes [the defendant's] litigation of the action unnecessarily costly." *Id.* The Court further noted that the plaintiff "initiated this action, that judicial policy favors disclosure, and that once [the] case goes to trial, the documents will become part of the public record in any event." *Id.*

Backpage.com cannot meet its burden of demonstrating that the "extreme measure" of AEO designation is appropriate for its document production. *Id.* In this case, there is absolutely no "genuine threat of competitive or other injury" if Backpage.com discloses its documents to Sheriff Dart because the parties are not competitors. As the complaint demonstrates, Backpage.com operates an online classified advertising service available to the public in all fifty states and the District of Columbia, and defendant is the Sheriff of Cook County, Illinois. Complaint, ¶¶ 8-9. Backpage.com cannot reasonably allege that the Sheriff of Cook County is its competitor.

In seeking an AEO designation, Backpage.com has stated that such a designation is necessary because Sheriff Dart may use the documents is produces against them. However, this argument is defeated because there is already a preliminary injunction in place which prohibits Sheriff Dart from taking adverse actions with Visa or MasterCard. Docket No. 109. Moreover, Backpage.com, as the party who initiated this action, is attempting to make Sheriff Dart "fly blind" and do precisely what the Court in *Team Play, Inc.* refused to allow. *Team Play, Inc.*, 2005 WL 256476, at *1. Sheriff Dart needs to review these documents to ascertain his defense against these claims, among other things, including determining whether Backpage.com has been engaging in illegal activity. Should Sheriff Dart not be permitted to review Backpage.com's document production, his defense will be unfairly prejudiced. Accordingly, the Court should grant this motion and enter the Model Confidentiality Order.

WHEREFORE, for the foregoing reasons, Sheriff Dart respectfully requests that the Court grant this motion for entry of the Model Confidentiality Order and include instructions that Backpage.com not be permitted to abuse the discovery process and designate its document production as Attorneys Eyes Only.

        Respectfully submitted,

        THOMAS J. DART,
        SHERIFF OF COOK COUNTY, ILLINOIS


        By:___/s/ Paul J. Kozacky_____

        One of his attorneys

Paul J. Kozacky
Alastar S. McGrath
Jerome R. Weitzel
KOZACKY WEITZEL McGRATH, P.C.
55 West Monroe, 24th Floor
Chicago, Illinois 60603
312-696-0900