**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BACKPAGE.COM, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS J. DART, Sheriff of Cook County, Illinois <br><br> Defendant. | No. 1:15-cv-06340 <br><br> Judge John J. Tharp, Jr. <br><br> Magistrate Judge Young B. Kim |

**BACKPAGE.COM'S SUPPLEMENT REGARDING DISCOVERY MOTIONS
PER THE COURT'S MARCH 30, 3016 MINUTE ORDER**

In the March 30, 2016 presentment hearing and a Minute Order entered that day [Dkt. 137], the Court directed the parties to meet and confer about the pending discovery motions and to supplement their respective motions to explain issues that remain in dispute. Backpage.com provides this Supplement in accordance with the Court's directives.

A.  **Meet-and-Confer Calls**

Counsel for the parties held meet-and-confer calls on April 1 and 5, 2016. In the April 1 call, the Sheriff's counsel indicated they were not prepared to state their positions in many respects, as they wanted to review the transcript of the March 30 hearing. In the April 5 call, they clarified and changed certain of their positions, while stating that they would explain them more fully in the Sheriff's April 6 supplemental submission. Then, in emails today, Dart's counsel again revised its position concerning Backpage.com's Motion to Compel [Dkt. 132], and, at the end of the day, provided a new privilege log. Thus, Backpage.com responds here based on the information provided and positions taken by Dart's counsel to date, but without having had time to consider Dart's latest, newly expanded claims of privilege.

B.  **Motion for Protective Order**

The parties have addressed the terms of Backpage.com's proposed protective order and asked to provide the Court a joint motion by April 8, 2016, identifying the differences that remain. The Court accepted this schedule [Dkt. 142], and so Backpage.com will address these issues in the upcoming April 8 submission.

C.  **Backpage.com's Motion to Compel Production of Documents Withheld by Dart on Ostensible Grounds of Privilege**

With regard to Backpage.com's Motion to Compel [Dkt. 132], in the April 1 call, Dart's counsel stated that they would produce some previously withheld documents and provide a new privilege log, but said they were not in a position to identify what privilege claims they would continue to assert or what documents they would produce. In the April 5 call, Dart's counsel said they would withdraw their claims under the law enforcement privilege and produce five or six documents previously withheld as attorney-client privileged, having realized the documents had been distributed to third parties (as Backpage.com noted in its motion). They said they were still considering the applicability of the deliberative process privilege but would otherwise stand on their claims of attorney-client privilege. This morning, Dart's counsel emailed that they "will be producing documents formerly withheld on the deliberative process privilege without waiving that privilege as it may apply to future deliberations or document productions." Then, at 5:30 p.m. CDT, Dart's counsel sent a new 82-page privilege log and produced approximately 30 documents (totaling 141 pages of the 4,382 pages Dart has withheld).[1]

Thus, at a minimum, it appears that all issues regarding Dart's withholding of documents based on the attorney-client privilege and the work product doctrine remain outstanding, including with regard to (a) Ms. Zugschwert, who is not a licensed attorney and instead worked

---

[1] In the April 5 call, Dart's counsel indicated they regard documents previously withheld under the law enforcement privilege as confidential, and so presumably these have not yet been produced, subject to the Court's review of the proposed protective order.

on the policy initiatives to "take down" Backpage.com; (b) Ms. Smith, who acted as a policy advisor and testified without objection about her communications and the Sheriff's decision to pressure the credit card companies; (c) waiver of privileges because the Sheriff's Office publicly disclosed its strategy and plans in advance; and (d) claims of work product protection for materials generated *before* Backpage.com filed suit.

Because of the Sheriff's delay in committing to positions and his eleventh-hour production of a new privilege log, it is impossible for Backpage.com to identify the privilege claims and withholding that remain at issue. Backpage.com expected that any revised privilege log would merely omit documents that Dart was no longer withholding based on the Court's guidance at the March 30 hearing. Backpage.com did not understand that Dart was being given the opportunity to rewrite the privilege log to make new and different claims than before. Based on a cursory review in the short time since Dart's counsel provided the new log, it appears that is what they have done. For example, rather than producing the documents formerly withheld solely on grounds of deliberative process, it appears the Sheriff has now changed the privilege claims for *virtually all* of these documents to attorney-client privileged and/or work product – now stating expressly that while the Sheriff's staff was working on the strategy and the draft letters they have asserted he was fully entitled to send as a "father and caring citizen," they were anticipating litigation. It also appears Dart has added verbiage but not substance to the document descriptions, e.g., changing descriptions such as "Email chain concerning strategy for addressing adult ads on Backpage," to "Email chain between counsel [Ms. Zugschwert] and client regarding legal advice concerning strategy for addressing adult ads on Backpage via credit card initiative."

At this point Backpage.com cannot respond concerning the extent to which Dart's privilege claims remain improper – although it appears most still are. Backpage.com will provide a further response in its April 13 submission.[2]

### D.   Sheriff Dart's Motion to Compel

With regard to Sheriff Dart's Motion to Compel [Dkt. 130], it appears that two principal issues remain. First, Dart's counsel indicated the Sheriff will persist with its demand that Backpage.com be required to produce documents about all review and screening of ads, the ads themselves, all of the websites' practices, personnel records for employees involved in moderation, all communications with law enforcement and government officials, and more, on the theory that Dart is entitled to challenge the "lawfulness" of the speech on the website. And, notwithstanding the Court's comments at the March 30 hearing, Dart's counsel stated on April 5 that they will advance this argument as relevant in some way to damages *and* liability. When Backpage.com's counsel asked for an explanation of how Dart believes this information is relevant, the Sheriff's counsel responded they would address that in their April 6 filings.

Second, Backpage.com asked the Sheriff's counsel to identify any discovery they believe is relevant to issue of whether Dart's letters and other actions constituted an objective threat (as also discussed at the March 30 hearing). Dart's counsel responded that discovery about Backpage.com's communications with the credit card companies could relate to how the companies perceived Dart's letters. Here too, the Sheriff's counsel declined to further explain their rationale, but indicated they would spell out their arguments in the Sheriff's April 6 supplement.

---

[2] However, that too may be difficult, given that it took considerable time and work to decipher and assess Dart's original privilege log and bring the original Motion to Compel (particularly given the many grounds as to which Dart's withholding of documents were improper). Backpage.com also objects that Dart should not be given a second bite at recasting privilege claims, thereby imposing additional burden and expense on Backpage.com if it were to have to challenge them a second time.

Thus, once again, Backpage.com cannot respond further until it receives and has had an opportunity to address Dart's supplemental filings.

Dated: April 6, 2016.

          Respectfully submitted,

By:   *s/ James C. Grant*
James C. Grant (admitted *pro hac vice*)
Ambika K. Doran (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150

Robert Corn-Revere (admitted *pro hac vice*)
Ronald G. London (admitted *pro hac vice*)
Lisa B. Zycherman (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 973-4200

Charles H.R. Peters
SCHIFF HARDIN
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500

*Attorneys for Plaintiff Backpage.com, LLC*

**CERTIFICATE OF SERVICE**

    I, James C. Grant, Attorney for Plaintiff Backpage.com, LLC, certify that on April 6, 2016 a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

                                        s/ *James C. Grant*
                                        James C. Grant