# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BACKPAGE.COM, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS J. DART, Sheriff of Cook County, Illinois<br><br>    Defendant. | No. 1:15-cv-06340<br><br>Judge John J. Tharp, Jr.<br><br>Magistrate Judge Young B. Kim |

**DECLARATION OF MARNI J. SHAPIRO**

I, Marni J. Shapiro, declare:

1. I am a paralegal at Davis Wright Tremaine LLP. I have personal knowledge of and am competent to testify to the facts in this Declaration.

2. I reviewed two privilege logs submitted in this proceeding by the Defendant, Sheriff Thomas J. Dart. The first privilege log ("2015 Log") was produced August 17, 2015 (a copy of which is attached at ECF No. 152-1, Ex. H), and an Amended Privilege Log of the Cook County Sheriff's Office ("2016 Log") was provided April 6, 2016 (a copy of which is attached at ECF No. 152, Ex. A). The 2015 Log listed 686 documents, containing approximately 4,382 pages, as privileged; the 2016 Log listed 629 documents, containing approximately 4,180 pages as privileged (based on a Bates range of 1 thru 4,386 and approximately 200 pages newly produced or no-privilege-claimed because the document is "to be produced upon entry of confidentiality order").

3. I reviewed the 2015 and 2016 Logs to analyze and compare the claims of privilege for documents in which Stephanie Zugschwert, the Defendant's former policy analyst, was listed as an author or recipient.

4. For purposes of this review, I identified, in each of the 2015 and 2016 Logs, every instance in which Ms. Zugschwert's name appeared as a sender, as a recipient, or as the recipient of a courtesy copy (respectively, from/author, to, cc, *i.e.*, the last 3 columns of the chart). Based on those entries, I created charts listing the privilege claims associated with Ms. Zugschwert for both 2015 and 2016. *See* Attachments 1 and 2, attached hereto. The following references are drawn from the information contained in these charts.

5. The 2015 Chart shows that Sheriff Dart and his counsel withheld documents associated with Ms. Zugschwert in eleven categories, including the attorney-client, work product, deliberative-process, and investigatory privileges, and combinations of two or more of those privileges (*e.g.*, attorney-client/deliberative process, deliberative process/investigatory, work product/deliberative process, and so forth), from which I identified all unique categories of privilege claims. The 2016 Chart shows that Sheriff Dart and his counsel withheld essentially the same documents but collapsed the privilege claims to three categories.

6. The 2015 Log asserts privilege for 3,050 pages of documents associated with Ms. Zugschwert, and the 2016 Log asserts privilege for 2,425 pages. While the 2016 Log appears to claim privilege for 625 fewer pages attributed to Ms. Zugschwert than does the 2015 Log, these pages continued to be withheld, but the Defendant now associated the privilege claim with another former staff member, Julie Bisbee. Dart released 30 previously withheld documents (totaling 141 pages) when he produced the 2016 Log. Only one of these documents

was associated with Ms. Zugschwert: a partially redacted email to which 55 pages of publicly filed briefs not previously associated with the email in the 2015 log, was appended.

7. The 2015 Log lists privilege claims in the following categories and combinations: attorney-client (6 documents); work product (2 documents), deliberative process (100 documents); law enforcement investigative (7 documents); attorney-client and work product privilege (24 documents); attorney-client and deliberative process (136 documents); attorney-client, deliberative process, and work product (1 document); attorney-client, deliberative process, and investigative (7 documents); attorney-client, work product, and investigative (1 document); deliberative process and work product (2 documents); and deliberative process and investigative (21 documents).

8. The 2016 Log appears to assert privilege claims for fewer documents associated with Ms. Zugschwert than does the 2015 Log, but this is largely attributable to shifts in how the claims were characterized. For example, the 2015 Log included one privilege claim covering a large page range (195-2050, or 1856 pages) and listing Ms. Zugschwert and Julie Bisbee as the authors. The 2016 Log divided this claim into 17 separate entries, 11 of which were attributed to Ms. Zugschwert, with the remaining 6 entries, totaling 574 pages, attributed to Ms. Bisbee alone. This single change accounts for all but 51 of the pages that were in the 2015 Log that were not in the 2016 Log.

9. The number of pages for which privilege was asserted differed between the two logs. Rows (and therefore pages) were dropped, added, and split into separate entries. There are also typographical errors in the Bates numbers; duplicate Bates numbers within a single log; identical Bates numbers that have different dates, descriptions, authors, or recipients; etc.

10. Despite the discrepancies between the 2015 and 2016 Privilege Logs, I was able to determine that, in the 2016 Log, Sheriff Dart continued to claim privilege for 328 documents associated with Ms. Zugschwert (totaling 2,425 pages), but now claimed all of the documents were covered by attorney-client privilege, work product privilege, or both. Most of those (266) were withheld based on attorney-client privilege, while 15 were withheld based on work product privilege, and 47 were withheld based on claims of both work product and attorney-client privilege.

11. In addition to the 328 documents associated with Ms. Zugschwert for which Sheriff Dart asserted claimed attorney-client or work product privilege in the 2016 Log, he asserted work product privilege for 574 pages attributed to Julie Bisbee. These same documents had been withheld and listed in the 2105 Log as being authored by either or both of Ms. Zugschwert and Ms. Bisbee (see ¶ 8).

12. A copy of the Complaint in *Zugschwert v. Cook County Sheriff's Office, County of Cook, Thomas J. Dart, Cara Smith, and Joseph Ryan*, No. 2017-L-010368 (filed Oct. 12, 2017), is attached hereto as Appendix A.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Signed at Washington, D.C., this 15th day of December, 2017.

By _____
Marni J. Shapiro