IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BACKPAGE.COM, LLC, ) | |
| ) | |
| plaintiff, ) | |
| ) | Case No. 15-cv-06340 |
| v. ) | |
| ) | Hon. John J. Tharp, Jr. |
| THOMAS J. DART, Sheriff of Cook County, ) | |
| Illinois, ) | Magistrate Judge Young B. Kim |
| ) | |
| defendant. ) | |

**MOTION FOR LEAVE TO SUBMIT
EXHIBITS FOR *IN CAMERA* REVIEW**

Thomas J. Dart, Sheriff of Cook County ("Sheriff's Office"), moves this Court for leave to submit certain exhibits in support of its Response to Backpage's Motion for Sanctions ("Response") for an *in camera* review, and in support thereof states:

In the Response, filed contemporaneously with this motion, the Sheriff's Office cites to several documents (the "Zugschwert Documents") in support of its position that it employed Stephanie Zugschwert as a lawyer and that it was therefore proper—based on the attorney-client and work-product privileges—for the Sheriff's Office to withhold those documents from production to Backpage.

While the mechanism of an *in camera* inspection is typically utilized by a Court when it must make a decision about whether certain documents are covered by these privileges, it is appropriate here where the gravamen of Backpage's Motion for Sanctions is that the Sheriff's Office and its counsel should be sanctioned for withholding the Zugschwert Documents based on these privileges. *See Am. Nat. Bank & Tr. Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 880 (7th Cir. 2005) (when parties have competing interest in documents,

*in camera* review is often the appropriate process by which to balance these interests); *Kerr v. U. S. Dist. Court for N. Dist. of California*, 426 U.S. 394, 405–06 (1976) (stating: "this court has long held the view that *in camera* review is a highly appropriate and useful means of dealing with claims of . . . privilege). Additionally, this Court has also found *in camera* review "appropriate to make an informed decision as to whether the privilege applies." *United States v. Bd. of Educ. of City of Chicago*, 610 F. Supp. 695, 701 (N.D. Ill. 1985). The Sheriff's Office relies on the Zugschwert Documents in order to show the Court that it has correctly taken the position that they are privileged from disclosure to Backpage, and it should be able to provide those documents to the Court for review without waiving that privilege by also providing them to Backpage.

The documents are grouped and referenced as follows:

The documents referred to as *"In Camera* Group Doc. 1" are referenced in the Response by bates number as they appear in the privilege log and include the following documents:

CCSO Privileged 439
CCSO Privileged 2256
CCSO Privileged 2257
CCSO Privileged 2289
CCSO Privileged 2348
CCSO Privileged 3114
CCSO Privileged 3124

The document referred to as *"In Camera* Group Doc. 2" is referenced in the Response as such, and consists of a three-page April 20, 2016 email chain.

WHEREFORE, the Sheriff's Office asks that it be granted leave to submit the Zugschwert Documents to the Court for *in camera* review for the purposes of supporting the contentions set forth in its Response to Backpage's Motion for Sanctions.

                Respectfully submitted,

                THOMAS J. DART,
                SHERIFF OF COOK COUNTY, ILLINOIS

                By: /s/ Paul J. Kozacky
                        One of his attorneys

Paul J. Kozacky
Alastar S. McGrath
Jerome R. Weitzel
Kozacky Weitzel McGrath, P.C.
55 West Monroe, 24th Floor
Chicago, Illinois 60603
312-696-0900