APPENDIX B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BACKPAGE.COM, LLC, | |
| Plaintiff, | No. 1:15-cv-06340 |
| v. | Judge John J. Tharp, Jr. |
| THOMAS J. DART, Sheriff of Cook County, Illinois | Magistrate Judge Young B. Kim |
| Defendant. | |

**DECLARATION OF STEPHANIE ZUGSCHWERT**

I, Stephanie Zugschwert, declare that:

1.     I am the Plaintiff in an action currently pending in the Circuit Court for Cook County, Illinois, styled *Zugschwert v. Cook County Sheriff's Office, County of Cook, Thomas J. Dart, Cara Smith, and Joseph Ryan*, No. 2017-L-010368 (filed Oct. 12, 2017), arising out of my tenure with the Cook County Sheriff's Office in 2015 and 2016, which period coincides with events underlying the captioned action in which I am submitting this Declaration.  A copy of my Complaint in *Zugschwert v. Cook County Sheriff's Office, et al.*, is attached as Appendix A, and I have personal knowledge of and am competent to testify to all facts in this Declaration.

2.     I was hired by the Cook County Sheriff, Thomas J. Dart, on February 23, 2015, to serve in a policy analyst position in the Sheriff's Office of Public Policy, and worked there in that capacity until terminated in early 2017.  During my tenure with the Sheriff's Office I worked exclusively as a policy analyst, and was never engaged as an attorney or worked in any other such legal capacity.

3.     I was terminated from my policy analyst position in the Sheriff's Office because I refused to remain silent when I learned that the Sheriff's Office intentionally misrepresented my

employment relationship with them to the Court in the captioned matter, in order to avoid the production of materials and communications that I authored, received, or to which I was a party, in response to discovery requests in that action.

4.      My termination also was based on the fact that I refused to dishonestly claim that I worked as an attorney in the Cook County Sheriff's Office in connection with the discovery dispute described in the immediately foregoing paragraph.

5.      The details of my engagement by, employment with, and termination from the Sheriff's Office, and the interactions and events leading to my termination, are set forth in the Complaint attached as Appendix A.   I hereby attest that all factual matters set forth in the Complaint at Appendix A are true and correct as represented therein.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Signed at Chicago, Illinois, this ____th day of January, 2018.

By_____
Stephanie Zugschwert

# APPENDIX A

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
CALENDAR: N
PAGE 1 of 18
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

THE STATE OF ILLINOIS
CIRCUIT COURT OF COOK COUNTY
CHICAGO, ILLINOIS
LAW DIVISION

STEPHANIE ZUGSCHWERT,

　　　　　　　　　　　　Plaintiff,

vs.

COOK COUNTY SHERIFF'S OFFICE; THE
COUNTY OF COOK, A UNIT OF LOCAL
GOVERNMENT; TOM DART, IN HIS
INDIVIDUAL CAPACITY; CARA SMITH, IN HER
INDIVIDUAL CAPACITY; JOSEPH RYAN, IN HIS
INDIVIDUAL CAPACITY.

　　　　　　　　　　　　Defendants.

# COMPLAINT

NOW COMES Stephanie Zugschwert, Plaintiff, by and through her attorney Lisa

M. Stauff, of the Law Offices of Lisa M. Stauff, complains of Defendants, as follows:

## NATURE OF THE CASE

1. This is an employment dispute, wherein Defendants fired Plaintiff, Stephanie

   Zugschwert, a former policy analyst for the Cook County Sheriff, because she

   refused to stay quiet when she found out that the Cook County Sheriff's Office

   intentionally lied and misrepresented her employment relationship to the U.S.

   District Court, Northern District of Illinois, in order to prevent the production of

   Ms. Zugschwert's work product pursuant to written discovery requests in the

1

case *Backpage.com v. Thomas J. Dart, Cook Co. Sheriff*, Case No. 15-CV-6340, U.S. District Court, Northern District of Illinois.

2. Defendants argued before U.S. District Court in *Backpage.com v. Dart* that Ms. Zugschwert's work was protected by attorney-client privilege because she was acting as an attorney at all times during her employment, and would have been a licensed attorney when the requested documents were created, if she had not failed to keep her law license current.

3. None of this was true. Ms. Zugschwert was never acting as an attorney for the Cook County Sheriff's Office, and the Cook County Sheriff's Office knew this from the date of Ms. Zugschwert's hire.

4. Defendants Cook County and the Cook County Sheriff's Office unlawfully terminated Ms. Zugschwert's employment in violation of the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq*. Defendants Tom Dart, Cara Smith, and Joseph Ryan, acted within the scope of their authority to effectuate the termination of Ms. Zugschwert's employment.

5. As a result of Defendants' actions, Ms. Zugschwert has suffered damages, and this action is brought to redress the wrongs to both Ms. Zugschwert and to the public record.

**THE PARTIES**

6. Ms. Zugschwert was a resident of and an employee in the City of Chicago, Cook County, Illinois, at all times relevant to this action.

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 2 of 18

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 3 of 18

7. Defendant Cook County is a municipality incorporated under the laws of the State of Illinois.

8. Defendant Cook County Sheriff is an administrative department of Defendant Cook County.

9. Defendants Tom Dart, at all times relevant to this Complaint, was the Cook County Sheriff.

10. Defendant Cara Smith, at all times relevant to this Complaint, was the Chief of Policy at the Cook County Sheriff's Office.

11. Defendant Joseph Ryan, at all times relevant to this Complaint, was the Director of Policy at the Cook County Sheriff's Office.

## JURSIDICTION AND VENUE

12. Jurisdiction is proper because all actions giving rise to this Complaint occurred at or about the Cook County Sheriff's Office, located at 3026 S. California Avenue, Chicago, Illinois. This Court has jurisdiction pursuant to 735 ILCS 5/2-209.

13. Venue is proper pursuant to 735 ILCS 5/2-101 because Plaintiff and all Defendants did business in Chicago, Illinois, at the time the cause of action arose, and all of the events giving rise to the cause of action occurred in the City of Chicago, Cook County, Illinois.

14. All individuals named in this Complaint are residents of Cook County, Illinois, and worked at the Cook County Sheriff's Office.

## FACTS OF THE CASE

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 4 of 18

15. The Cook County Sheriff hired Ms. Zugschwert on February 23, 2015 for a policy analyst position in its Office of Public Policy.

16. Ms. Zugschwert is a law school graduate, but for over 20 years she had been engaged in legislative and policy analyst jobs. She was licensed in Minnesota for the first three years of her career (1993-1996), but went to inactive status in 1996 because she had no intention of ever practicing law.

17. During the hiring process for Ms. Zugschwert's role at the Cook County Sheriff's Office, Ms. Zugschwert's employment background and her over 20 year career in policy and legislative analysis was the main topic of conversation. Ms. Zugschwert never held herself out as an attorney to the Sheriff's Office.

18. Nonetheless, Ms. Zugschwert knew that the position she sought with the Cook County Sheriff bore the technical requirement of either being a licensed attorney in the State of Illinois, or being willing to be licensed in Illinois within one year of employment.

19. Ms. Zugschwert addressed this issue with Joseph Ryan, Director of Policy, and Cara Smith, Chief of Policy, during the interview process. Both assured her that she would not have any of the responsibilities of an attorney, and that the requirement would be waived.

20. At or about the time of hire, Ms. Zugschwert was informed that the Cook County Sheriff had waived the requirement that she be licensed in any state, including Illinois, in order to work for the Cook County Sheriff.

4

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 5 of 18

21. At all times relevant to this Complaint, Mr. Ryan was Ms. Zugschwert's immediate supervisor.

22. Prior to Ms. Zugschwert's hire, the Sheriff's Office had decided to target a website called Backpage.com, which the Sheriff's Office had identified as a source of prostitution and sex trafficking in Cook County due to its online advertisements for sex services.

23. Ms. Zugschwert was hired to provide a policy approach to stop Backpage.com from promoting and soliciting prostitution and sex trafficking in Cook County.

24. To this end, Ms. Zugschwert created the Sheriff's landmark effort to shut down Backpage.com's use of credit card payments for sex trafficking advertisements.

25. Backpage.com immediately lost millions of dollars of revenue worldwide when it could no longer take Visa and MasterCard payments for advertising. This made international news because it impacted sex trafficking around the globe, not just in Cook County.

26. In July 2015, Backpage.com filed a lawsuit against the Cook County Sheriff, alleging violations of the First Amendment for its actions to shut down Backpage.com's access to credit card services for its website.

27. As a part of the discovery process in this litigation, Backpage.com requested all documents, memoranda, and emails specifically produced by Ms. Zugschwert related to Backpage.com.

28. The Sheriff's Office refused to produce most of Ms. Zugschwert's work product, arguing that the bulk of Ms. Zugschwert's work product constituted privileged

attorney-client communications. Backpage.com filed a motion to compel, arguing that Ms. Zugschwert was not a licensed attorney, and was not providing legal advice.

29. The Sheriff's Office responded with the document attached as Exhibit 1.

30. In this document, the Sheriff's Office argued that Ms. Zugschwert was not licensed only because she failed to pay her annual fees and complete required CLE credits, but that otherwise, Ms. Zugschwert was acting as an attorney and that the Sheriff's Office reasonably viewed Ms. Zugschwert as an attorney who provided privileged legal advice at all times during her employment.

31. The argument put forth by the Sheriff's Office contradicted the express terms of Ms. Zugschwert's employment, and contradicted the many arguments and email exchanges that Ms. Zugschwert engaged in with her supervisor and Sheriff's Office counsel starting in the early days of discovery in the *Backpage.com v. Dart* case.

32. Ms. Zugschwert first became aware that the Sheriff's Office was attempting to classify some of her work as privileged, when there was an issue over an email she sent to members of her family, in the summer of 2015.

33. At that time, Nicholas Scouffas, General Counsel in the Sheriff's Office, informed Ms. Zugschwert that she had de-privileged the work product by sending it outside of the Sheriff's Office.

34. Ms. Zugschwert was concerned about the view that she had been employed as an attorney, and so she went to Mr. Ryan to make sure Mr. Scouffas and the

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 6 of 18

other Cook County Sheriff's Office attorneys knew that she had not been acting as a lawyer throughout her employment.

35. Mr. Ryan referred her to Ms. Smith, who reassured Ms. Zugschwert that everyone knew that she was not an attorney. Ms. Smith said she would take care of the issue.

36. Both Mr. Ryan and Ms. Smith agreed that Ms. Zugschwert had not been acting as an attorney, and that she had not been providing legal advice, at any point in her employment.

37. Ms. Zugschwert was very concerned that the Sheriff's Office was misrepresenting her role as that of an attorney, because in addition to Mr. Ryan's and Ms. Smith's repeated confirmation early in her employment that she did not need to be licensed because she would not be providing legal advice, all of Ms. Zugschwert's memoranda and reports were heavily edited by Mr. Ryan, a non-attorney.

38. After several conversations about the issue, Mr. Ryan and Ms. Smith assured her that it was not a problem, and the matter was not discussed further. Ms. Zugschwert continued to do her job with regard to Backpage.com, as before.

39. Approximately eight months later, in the spring of 2016, Ms. Zugschwert learned that Backpage.com had filed a Motion to Compel the production of Ms. Zugschwert's documents, and that the Sheriff's Office intended to fight production of these documents by arguing that the Sheriff's Office viewed her as an attorney throughout her employment.

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 7 of 18

40. In a meeting shortly thereafter, attended by Mr. Ryan, Ms. Smith, and Mr. Scouffas, Ms. Zugschwert was told that she needed to get her own attorney because they were concerned that once they filed the response to Backpage.com's motion to compel, Ms. Zugschwert would be considered to be practicing law without a license, which is a crime.

41. Ms. Zugschwert was stunned. She covered this extensively when she was hired, and she had been told up to that point by Ms. Smith that it would all be taken care of. Now the Sheriff's Office was telling her that she needed an attorney to protect herself. This was terrifying.

42. Ms. Zugschwert told the Sheriff's Office attorneys working on the case that she had not been hired as an attorney, and that both Mr. Ryan and Ms. Smith expressly stated this when they hired her.

43. Ms. Zugschwert communicated to Mr. Scouffas on several occasions that everyone knew from the beginning that she was not hired as an attorney.

44. Ms. Zugschwert maintained that she did not need to hire an attorney, and even if she did, the Sheriff's Office would have to pay for it.

45. Within days of the Sheriff's Office's motion response due, Ms. Zugschwert was again pressured to hire an attorney. The Sheriff's Office agreed to pay for her to receive legal advice and representation, and so she relented.

46. The Sheriff's Office filed its response to Backpage.com's Motion to Compel on April 20, 2016, attached as Exhibit A.

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 8 of 18

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 9 of 18

47. Ms. Zugschwert never saw this document or any working drafts before it was filed, and she had been explicitly instructed to not view these documents online because she could be called as a witness in the Backpage.com litigation. She obeyed this instruction and did not see the motion response until after she was terminated.

48. In approximately May 2016, based on her attorney's advice, Ms. Zugschwert proposed to Mr. Ryan and Ms. Smith that she get her license reinstated in Minnesota, just to be safe. Ms. Zugschwert found out that she needed 90 hours of CLE credit and to pay some fees.

49. With the approval of Mr. Ryan and Ms. Smith, Ms. Zugschwert went down to part-time employment in order to complete the CLE credits.

50. In October 2016, Ms. Zugschwert was readmitted to the bar in Minnesota.

51. In late November 2016, Ms. Zugschwert learned that as an in-house counsel in Illinois, she needed to apply for a limited license to practice law in Illinois under Supreme Court Rule 716.

52. Ms. Zugschwert could be licensed in Illinois as an in-house counsel for the Sheriff's Office if the Sheriff's Office filled out the Employer Certification form.

53. Ms. Zugschwert brought this information to Mr. Ryan, and told him that while her attorney believed this was the best course of action, there still was a chance that the state bar would ask why she was not licensed in February 2015 when she first started working for the Sheriff's Office.

9

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 10 of 18

54. Ms. Zugschwert told Mr. Ryan that if asked, she was going to have to tell the State that she was not hired to practice law prior to her application for a limited license, and that this information could become public record such that Backpage.com and the U.S. District Court would know her side of the story.

55. Mr. Ryan said that he would speak with Ms. Smith about it.

56. Before Mr. Ryan or Ms. Smith gave Ms. Zugschwert an answer on the Employer Certification form, Ms. Smith asked Ms. Zugschwert to do some statutory research on a bond issue.

57. Ms. Zugschwert spoke with her attorney, and the attorney advised that she not complete this assignment because it could be construed as practicing law without a license.

58. When Ms. Zugschwert told Ms. Smith that per the advice of counsel, she could not perform any statutory analysis until she had a limited license to practice law in Illinois, Ms. Smith became angry.

59. After returning from Christmas break, Mr. Ryan and Ms. Smith told Ms. Zugschwert in a meeting that the Sheriff's Office would not sign the Employer Certification form because Ms. Zugschwert was not in the legal department.

60. Ms. Zugschwert told Ms. Smith and Mr. Ryan in this meeting that she would have to explain to the Illinois bar the reason for her withdrawal of her application for a limited license, and that "no matter what, the truth about my hiring would come out." She told Ms. Smith that based on the actions of the

Sheriff's Office's legal team in the past, "it was not safe for [her] to work on any project that was 'legalish looking.'"

61. Ms. Smith asked Ms. Zugschwert to have her attorney contact in-house counsel to discuss the matter.

62. A couple of weeks later, Ms. Zugschwert was called to Human Resources, and without warning, was fired by Ms. Smith and the human resources director.

63. The stated reason for her termination was "this working relationship is no longer working out."

64. Prior to Ms. Zugschwert's termination, she had not been counseled or made aware of any deficiencies in her job performance, and Ms. Zugschwert was not told that her job performance was the triggering reason for her termination.

65. The only point of contention that ever arose between Ms. Zugschwert and her employers, throughout her employment at the Sheriff's Office, related to the Defendants' actions to misrepresent Ms. Zugschwert's employment history and job duties in the *Backpage.com v. Dart* litigation in order to withhold documents in discovery.

66. Ms. Zugschwert was unlawfully retaliated against for refusing to cover up their misrepresentation of her employment, and was defamed in the public record as an attorney so that Defendant Cook County Sheriff's Office could withhold documents in the *Backpage.com v. Dart* litigation.

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 11 of 18

## COUNT ONE: ILLINOIS WHISTLEBLOWER ACT
### Against Cook County and The Sheriff of Cook County

67. Ms. Zugschwert performed her job duties at or above her employer's reasonable expectations at all times during her employment.

68. Ms. Zugschwert actively argued with her supervisors and Defendant Cook County Sheriff's Office attorneys (both inside and outside counsel) about their insistence that she had been providing legal advice when she had been told for most of her employment that she was in a non-legal job and was in no way ever providing legal advice to the Sheriff's Office.

69. Ms. Zugschwert told her supervisors that if she was ever asked by the U.S. District Court, by Backpage.com counsel, or by the State of Illinois, she would tell them that she was expressly *not* providing legal advice when she completed Backpage.com-related policy analysis.

70. Misrepresentations to the U.S. District Court carry legal consequences for attorneys and parties who attempt to lie to the Court, ranging from criminal perjury charges to violations of Illinois Supreme Court ethics rules governing the conduct of attorneys.

71. Defendants Cook County and the Cook County Sheriff's Office tolerated Ms. Zugschwert's employment during the pendency of the *Backpage.com v. Dart* discovery dispute, but as soon as the issue became moot in the *Backpage.com v. Dart* litigation, Ms. Zugschwert was fired despite still performing at or above her employer's reasonable expectations.

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 12 of 18

12

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 13 of 18

72. Defendants Cook County and the Cook County Sheriff's Office terminated Ms. Zugschwert's employment to punish her for protesting and threatening to expose unlawful activity by the Cook County Sheriff's Office.

73. As a result of Defendants' actions, Ms. Zugschwert lost wages and benefits, suffered extreme emotional distress and professional harm, and suffered other damages, the total value of which exceeds $30,000.00.

74. Based upon the foregoing, Defendants Cook County and the Cook County Sheriff's Office violated the Illinois Whistleblower Act, 740 ILCS 174/20.

*Wherefore,* Plaintiff prays for the following relief:

    a. That the Court enter a judgment in her favor and against Defendants Cook County and the Cook County Sheriff's Office;

    b. That the Court order Defendants to reinstate Plaintiff and reimburse her for all backpay and other benefits that she would have received but for Defendants' conduct;

    c. That the Court award Plaintiff any and all compensatory damages to which she may be entitled;

    d. That the Court award prejudgment interest on any and all damages to which the Court finds Plaintiff is entitled;

    e. That the Court award reasonable attorneys' fees and costs;

    f. That the Court award Plaintiff any and all other relief as this Court sees fit.

## COUNT II: ILLINOIS WHISTLELBLOWER ACT
### Against Tom Dart, Sheriff of Cook County

75. Plaintiff reincorporates and realleges paragraphs 1 through 66 as stated herein.

76. Defendant Cook County Sheriff Tom Dart was a key decision-maker in the hiring and firing of all personnel in the Policy Department of the Cook County Sheriff's Office.

77. Sheriff Dart approved Ms. Zugschwert's plan to target Backpage.com through its use of credit card payment services.

78. Sheriff Dart knew that Ms. Zugschwert was not a licensed attorney and that her work product was not privileged when he reviewed her memoranda and communications regarding the Sheriff's Backpage.com initiative.

79. Sheriff Dart knew that his Office was attempting to block Backpage.com's discovery efforts by asserting in federal court that Ms. Zugschwert's work product was privileged.

80. Sheriff Dart green-lighted Ms. Zugschwert's termination after she stated that she would refuse to lie if asked about whether she was acting as an attorney during the course of her employment at the Cook County Sheriff's Office.

81. As a result of her termination, Ms. Zugschwert suffered damages.

82. Based on the foregoing, Defendant Tom Dart violated the Illinois Whistleblower Act, 740 ILCS 174/20.

*Wherefore,* Plaintiff prays for the following relief:

      g. That the Court enter a judgment in her favor and against Defendant;

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 14 of 18

14

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 15 of 18

    h.  That the Court order Defendants to reinstate Plaintiff and reimburse her for all backpay and other benefits that she would have received but for Defendant's conduct;

    i.  That the Court award Plaintiff any and all compensatory damages to which she may be entitled;

    j.  That the Court award prejudgment interest on any and all damages to which the Court finds Plaintiff is entitled;

    k.  That the Court award reasonable attorneys' fees and costs;

    l.  That the Court award Plaintiff any and all other relief as this Court sees fit.

## COUNT III: ILLINOIS WHISTLEBLOWER ACT
### Against Cara Smith

83.  Plaintiff reincorporates and realleges paragraphs 1 through 66 as stated herein.

84. Ms. Smith had the authority to hire and fire policy analysts in the Policy Department of the Office of the Cook County Sheriff at all times relevant to this complaint.

85. Ms. Smith told Ms. Zugschwert that she was not performing the duties of an attorney during Ms. Zugschwert's tenure at the Cook County Sheriff's Office.

86. Ms. Zugschwert told Ms. Smith that Ms. Zugschwert would not lie about practicing law for the Sheriff's Office if asked by the State of Illinois or anyone connected to the Backpage.com case.

15

87. Ms. Smith fired Ms. Zugschwert because Ms. Zugschwert would not lie in the
Backpage.com case about practicing law.

88. As a result of Ms. Smith's actions, Ms. Zugschwert suffered damages.

89. Based on the foregoing, Defendant Cara Smith violated the Illinois
Whistleblower Act, 740 ILCS 174/20.

*Wherefore,* Plaintiff prays for the following relief:

    a.  That the Court enter a judgment in her favor and against Defendant;

    b.  That the Court order Defendants to reinstate Plaintiff and reimburse
her for all backpay and other benefits that she would have received but
for Defendant's conduct;

    c.  That the Court award Plaintiff any and all compensatory damages to
which she may be entitled;

    d.  That the Court award prejudgment interest on any and all damages to
which the Court finds Plaintiff is entitled;

    e.  That the Court award reasonable attorneys' fees and costs;

    f.  That the Court award Plaintiff any and all other relief as this Court
sees fit.

**COUNT III: ILLINOIS WHISTLEBLOWER ACT**
**Against Joseph Ryan**

90. Plaintiff reincorporates and realleges paragraphs 1 through 66 as stated herein.

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 16 of 18

91. Mr. Ryan had the authority to hire and fire policy analysts in the Policy Department of the Office of the Cook County Sheriff at all times relevant to this complaint.

92. Mr. Ryan told Ms. Zugschwert that she was not performing the duties of an attorney during Ms. Zugschwert's tenure at the Cook County Sheriff's Office.

93. Ms. Zugschwert told Mr. Ryan that Ms. Zugschwert would not lie about practicing law for the Sheriff's Office if asked by the State of Illinois or anyone connected to the Backpage.com case.

94. Mr. Ryan fired Ms. Zugschwert because Ms. Zugschwert would not lie in the Backpage.com case about practicing law.

95. As a result of Mr. Ryan's actions, Ms. Zugschwert suffered damages.

96. Based on the foregoing, Defendant Joseph Ryan violated the Illinois Whistleblower Act, 740 ILCS 174/20.

*Wherefore,* Plaintiff prays for the following relief:

g. That the Court enter a judgment in her favor and against Defendant;

h. That the Court order Defendants to reinstate Plaintiff and reimburse her for all backpay and other benefits that she would have received but for Defendant's conduct;

i. That the Court award Plaintiff any and all compensatory damages to which she may be entitled;

j. That the Court award prejudgment interest on any and all damages to which the Court finds Plaintiff is entitled;

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 17 of 18

k.  That the Court award reasonable attorneys' fees and costs;

l.  That the Court award Plaintiff any and all other relief as this Court

sees fit.

Respectfully submitted,
Plaintiff,
Stephanie Zugschwert,

By: _____
Attorney for Plaintiff

ELECTRONICALLY FILED
10/12/2017 3:12 PM
2017-L-010368
PAGE 18 of 18

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036
LStauff@StauffLaw.com