IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BACKPAGE.COM, LLC, | |
| Plaintiff, | No. 1:15-cv-06340 |
| v. | Judge John J. Tharp, Jr. |
| THOMAS J. DART, Sheriff of Cook County, Illinois | Magistrate Judge Young B. Kim |
| Defendant. | |

**PLAINTIFF'S SUPPLEMENT TO ITS MOTION FOR SANCTIONS
BASED ON SHERIFF DART'S FRAUD ON THE COURT**

Plaintiff Backpage.com, LLC ("Backpage") respectfully requests leave to supplement its Motion for Sanctions (ECF No. 205) with pertinent documents recently entered in the suit pending in Circuit Court of Cook County that gave rise to the Motion for Sanctions. *Zugschwert v. Cook Cty. Sheriff's Office et al.*, No. 2017-L-010368 (Cook Cty. Cir. Ct. filed Oct. 12, 2017), ECF No. 205-4, Pls. Mot. Sanctions App. A.

As detailed in Backpage's briefing, Stephanie Zugschwert, a former policy analyst Sheriff Dart hired to devise strategies to target Backpage, has sued Dart and others in the Circuit Court of Cook County for wrongful termination and alleged "the Cook County Sheriff's Office intentionally lied and misrepresented her employment relationship to the U.S. District Court, Northern District of Illinois, in order to prevent the production of Ms. Zugschwert's work product pursuant to written discovery requests" served in this proceeding. *See* Based on those allegations and discovery arguments made earlier on Plaintiff's Motion to Compel (ECF Nos. 132, 152), Backpage moved for imposition of sanctions to protect the integrity of the judicial

process under Federal Rules of Civil Procedure 37(a)(4) and 26(g), and under the Court's inherent authority. ECF No. 205.

In Dart's response to Backpage's Motion for Sanctions, he argued Plaintiff's motion lacked sufficient evidentiary support because Ms. Zugschwert's complaint contained "unproven and false allegations." ECF No. 212. Acknowledging this point on reply, Backpage submitted as Appendix B the sworn Declaration of Stephanie Zugschwert stating that:

- During her tenure with the Sheriff's Office she worked exclusively as a policy analyst and was never engaged as an attorney.

- She was terminated because she refused to remain silent after learning the Sheriff's Office intentionally misrepresented her employment relationship in order to avoid production in this case of materials and communications she authored, received or to which she was a party.

- Her termination also was based on her refusal to dishonestly claim that she had worked as an attorney in the Cook County Sheriff's Office in connection with the discovery dispute in this case.

- She specifically attests to the facts as set forth in her wrongful termination complaint that provide a detailed account of her engagement by, employment with, and termination from the Sheriff's Office, as well as the interactions and events leading to her termination.

ECF No. 214-1, Reply In Support Mot. Sanctions. App. B. ¶¶ 2-5.

Following Backpage's submission of Ms. Zugschwert's Declaration in this proceeding, on February 15, 2018, Dart and his co-defendants in Ms. Zugschwert's suit filed an "emergency motion" for a protective order "to prevent further communication between Plaintiff Zugschwert and Defendants' litigation adversaries [Backpage] in a lawsuit currently pending in federal court," claiming a risk that Ms. Zugschwert might disclose "privileged information" to "Backpage or its agents or representatives." *See* Emergency Motion for Entry of Protective Order, *Zugschwert v. Cook Cty. Sheriff's Office*, No. 2017-L-010368 (Cook Cty. Cir. Ct. filed Feb. 14, 2018), copy attached as App. C ¶¶ 1, 13. In support of their motion, which was noticed for

2

hearing the next business day, *see* App. C, Dart and his co-defendants specifically referenced the Declaration of Ms. Zugschwert submitted by Backpage in this proceeding, *see id.* ¶ 9, and demanded Ms. Zugschwert provide "a log of all communications she or her attorney have had with Backpage." *Id.* ¶ 14.

The same day as the hastily called hearing, the Cook County Circuit Court granted the motion in part and ordered: "Plaintiff Zugschwert is barred from having any communication with Backpage, its representatives, or counsel, and barred from discussing her role with the Sheriff's Office as an attorney or policy analyst with any third parties." *See* Order, *Zugschwert v. Cook Cty. Sheriff's Office*, No. 2017-L-010368 (Cook Cty. Cir. Ct. Feb. 15, 2018), copy attached as App. D ("Emergency Order"). The court set a briefing schedule for the motion and a hearing for March 15, 2018. *Id.* Ms. Zugschwert has opposed the Sheriff's motion for a protective order, *see Zugschwert v. Cook Cty. Sheriff's Office*, No. 2017-L-010368 (Cook Cty. Cir. Ct. filed Mar. 2, 2018), copy attached as App. E, and Backpage has moved the court for leave to intervene for the limited purpose of opposing the protective order. *See Zugschwert v. Cook Cty. Sheriff's Office*, No. 2017-L-010368 (Cook Cty. Cir. Ct. filed Mar. 6, 2018), copy attached as App. F.

Backpage hereby supplements its pending Motion for Sanctions to reflect Dart's emergency motion and the state court's Emergency Order, which interferes with this Court's ability to engage in any evidentiary proceedings, including live testimony, on the matters alleged in Backpage's Motion for Sanctions. The Emergency Order issued at Dart's request imposes a restraint on Ms. Zugschwert's ability to engage in any communications with Backpage or its counsel regarding the subject matter of her wrongful termination action and her Declaration submitted to this Court—regardless of the non-privileged content of any such prospective communications. *See* App. D. As explained in Backpage's intervention motion, the Emergency Order also affects Backpage's ability to prepare or present the testimony of Ms. Zugschwert to

this Court should an evidentiary hearing be held on the pending Motion for Sanctions. In other words, Dart has taken steps to muzzle a key witness to this proceeding.

For the foregoing reasons, to keep this Court apprised of developments that relate to the pending motion, Backpage supplements its Motion for Sanctions with Dart's emergency motion and the state court's Emergency Order, as set forth herein. Backpage will further supplement its motion with developments in the Cook County Circuit Court as may be necessary and appropriate.

Dated: March 9, 2018.

Respectfully submitted,

By: *s/ Robert Corn-Revere*
James C. Grant (admitted *pro hac vice*)
Ambika K. Doran (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150

Robert Corn-Revere (admitted *pro hac vice*)
Ronald G. London (admitted *pro hac vice*)
Lisa B. Zycherman (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 973-4200

Charles H.R. Peters
SCHIFF HARDIN
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500

*Attorneys for Plaintiff Backpage.com, LLC*