# APPENDIX C



**E-Notice**

2017-L-010368
CALENDAR: N

To:  Gretchen Harris Sperry
gsperry@hinshawlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### STEPHANIE ZUGSCHWERT vs. COOK COUNTY

The transmission was received on 02/14/2018 at 11:53 AM and was ACCEPTED with
the Clerk of the Circuit Court of Cook County on 02/14/2018 at 12:01 PM.

**MOTION**

**EXHIBITS**

**EXHIBITS**

**EXHIBITS**

**EXHIBITS**

Filer's Email:      gsperry@hinshawlaw.com
Filer's Fax:
Notice Date:      2/14/2018 12:01:50 PM
Total Pages:      84

**DOROTHY BROWN**
**CLERK OF THE CIRCUIT COURT**
COOK COUNTY
RICHARD J. DALEY CENTER, ROOM 1001
CHICAGO, IL 60602

(312) 603-5031
courtclerk@cookcountycourt.com

ELECTRONICALLY FILED
2/14/2018 11:53 AM
2017-L-010368
CALENDAR: N
PAGE 1 of 7
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| STEPHANIE ZUGSCHWERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-L-10368 |
| | ) | |
| COOK COUNTY SHERIFF'S OFFICE, | ) | |
| THE COUNTY OF COOK, a unit of local | ) | |
| government, TOM DART, in his individual | ) | |
| capacity, CARA SMITH, in her individual | ) | |
| capacity, JOSEPH RYAN, in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

### EMERGENCY MOTION FOR ENTRY OF PROTECTIVE ORDER

NOW COME Defendants, COOK COUNTY SHERIFF'S OFFICE, THOMAS DART, CARA SMITH and JOSEPH RYAN by and through their attorneys, Hinshaw & Culbertson LLP, and for their Emergency Motion for Entry of a Protective Order pursuant to Illinois Supreme Court Rule 201(c)(1), states as follows:

1. Pursuant to the Court's Standing Order, this motion is brought on an emergency basis to immediately prevent further communication between Plaintiff Zugschwert and Defendants' litigation adversaries in a lawsuit currently pending in federal court. Disclosure of that privileged information will lead to irreparable injury to Defendants if the instant relief is not granted.

2. In this lawsuit, brought under the Illinois Whistleblower Act, Plaintiff Zugschwert, a former Assistant General Counsel for the Cook County Sheriff's Office, alleges that her employment was terminated because she would not participate in the Office's allegedly improper litigation strategy in a case currently pending in federal court. Compl., ¶¶3-5.

3. That case, *Backpage.com, LLC v. Sheriff Thomas J. Dart*, Case No. 15-CV-6340 (N.D. Ill.), is currently pending before Judge Tharp in U.S. District Court. In that case, the Sheriff's Office properly claimed that the attorney-client and attorney work product privileges applied to documents prepared by Plaintiff Zugschwert, who is an attorney, but was not admitted to practice in Illinois. Accordingly, it withheld certain documents from production on that basis. Exh. A, Sheriff's Office Response to Backpage Motion to Compel, p. 4-8.

4. Backpage filed a motion to compel discovery, challenging the privilege designation for those documents on the ground that Zugschwert allegedly was not an attorney at all. Exh. A, p. 4. The district court denied the motion without prejudice, as Backpage sought to move forward on its summary judgment motion. Exh. B, Transcript of Hearing Denying Motion to Compel and Minute Order, p. 13.

5. To this day, the district court has never found that the privileges claimed by the Sheriff's Office did not apply. The Sheriff's Office continues to properly maintain those privileges.

6. Zugschwert's employment was later terminated for performance-related issues. Exh. A, p. 13. However, she filed the instant lawsuit alleging that she was terminated because she disagreed with the legal position taken by the Sheriff's Office relative to her status as an attorney and its effect on the claims of privilege, claiming it was an intentional misrepresentation. See Compl., ¶66.

7. Shortly thereafter, Backpage filed a motion for sanctions in the federal case based entirely on the as-yet unanswered allegations of the complaint in this case. Exh. C, Backpage's Motion to Compel.

ELECTRONICALLY FILED
2/14/2018 11:53 AM
2017-L-010368
PAGE 2 of 7

8. To guard against the knowing or inadvertent disclosure of the information that is the subject of the privileged communications at issue, Defendants' counsel informed this Court and Plaintiff's counsel at the January 24, 2018, status hearing of its intention to seek entry of a protective order. At the Court's direction, the counsel for the parties agreed to confer on a draft protective order.

9. Less than a week later, Zugschwert already was engaged in communications with counsel for Backpage.com. On January 31, 2018, Zugschwert provided counsel for Backpage with a declaration in support of its Reply in Support of its Motion for Sanctions in the federal case. Exh. D, Declaration of Stephanie Zugschwert.

10. It is clear that Zugschwert engaged in communications with counsel for Backpage—despite being expressly on notice of Defendants' pursuit of a protective order in this case to prevent precisely such communications.

11. Zugschwert undoubtedly knows what is contained in the privileged communications that have been withheld in the Backpage lawsuit and/or possesses hard copies of the communications themselves.

12. Based on Zugschwert's participation on Backpage's behalf already—and directly against the defendants in the federal case, who are also the Defendants in this case—there is an immediate threat that Zugschwert has or will divulge the contents of the contested communications to Backpage.com, through counsel or otherwise.

13. Accordingly, Defendants seek an Emergency Protective Order barring Zugschwert or her attorney from: (1) having any contact whatsoever with Backpage or its agents or representatives regarding privileged communications that are the subject of the federal Backpage lawsuit or any aspect of her employment status with the Sheriff's Office; (2) turning

ELECTRONICALLY FILED
2/14/2018 11:53 AM
2017-L-010368
PAGE 3 of 7

over copies of the communications that are subject to the attorney-client or work product privilege that are the subject of the federal Backpage lawsuit or any communications related to her employment status with the Sheriff's Office to any third parties, including Backpage and its agents/representatives; or (3) divulging the contents of any of the communications that are the subject of those claims of privilege or any communications related to her employment status with the Sheriff's Office to any third parties, including Backpage and its agents/representatives.

14. Furthermore, Zugschwert must immediately provide Defendants' counsel with a log of all communications she or her attorney have had with Backpage, its agents/representatives, or any other third party related to the privileged communications at issue or her employment status with the Sheriff's Office, and include: the dates of all such communications; the methods of communication; with whom she communicated; who else was present for or received copies of such communications; a detailed description of the content of any such communications; and which documents, if any, were provided to Backpage, its agents/representatives, or any other third party.

WHEREFORE, Defendants, COOK COUNTY SHERIFF'S OFFICE, THOMAS DART, CARA SMITH and JOSEPH RYAN respectfully request that this Court grant its Emergency Motion for Entry of a Protective Order, enter the proposed protective order, and for such further relief as this Court deems appropriate and just.

ELECTRONICALLY FILED
2/14/2018 11:53 AM
2017-L-010368
PAGE 4 of 7

Respectfully submitted,

Robert T. Shannon
Gretchen H. Sperry
James M. Lydon                          /s/ Gretchen Harris Sperry
HINSHAW & CULBERTSON LLP                 One of the attorneys for Defendants
222 N. LaSalle, Suite 300                Cook County Sheriff's Office, Sheriff Dart,
Chicago, IL 60601-1081                   Cara Smith, and Joseph Ryan
(312) 704-3000
Firm No. 90384
gsperry@hinshawlaw.com

17-L-10368

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| STEPHANIE ZUGSCHWERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-L-10368 |
| | ) | |
| COOK COUNTY SHERIFF'S OFFICE, | ) | |
| THE COUNTY OF COOK, a unit of local | ) | |
| government, TOM DART, in his individual | ) | |
| capacity, CARA SMITH, in her individual | ) | |
| capacity, JOSEPH RYAN, in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

ELECTRONICALLY FILED
2/14/2018 11:53 AM
2017-L-010368
PAGE 5 of 7

## PROTECTIVE ORDER BARRING DISCLOSURE OF ANY
## PRIVILEGED COMMUNICATIONS

Based on the factual representations set forth in Defendants' Emergency Motion for Entry of a Protective Order and at a hearing in open court, the Court finds that the exchange of privileged communications between Plaintiff and any third parties, particularly Backpage.com LLC or its agents/representatives, other than in accordance with this Protective Order, or discussion of Plaintiff's employment status with the Sheriff's Office, which informs the basis for the claims of privilege, may cause irreparable harm and injury to Defendants and to others. The Court further finds that the terms of this Protective Order are fair and just and that good cause has been shown for entry of a Protective Order barring disclosure to any third party of any communications that are subject to Defendants' claims of attorney-client and/or attorney work product privilege, as well as any communications regarding Plaintiff's current or former employment status with the Sheriff's Office.

1 of 3

17-L-10368

ELECTRONICALLY FILED
2/14/2018 11:53 AM
2017-L-010368
PAGE 6 of 7

**It is ORDERED:**

1.    Plaintiff Stephanie Zugschwert is barred from having any contact with Backpage or its agents or representatives, or any other third parties, regarding communications that are subject to the attorney-client or attorney work product privileges in *Backpage.com v. Thomas J. Dart, et al.*, 15-CV-6340, or other aspects of the claims, defenses or proceedings in that case, or any aspect of her current or former employment status with the Sheriff's Office.

2. Plaintiff Stephanie Zugschwert is barred from disseminating copies of any communications that are subject to claims of attorney-client or attorney work product privileges in the federal Backpage lawsuit to any third parties, specifically Backpage and its agents/representatives.

3. Plaintiff Stephanie Zugschwert is barred from divulging the contents of any communications that are subject to the attorney-client or attorney work product privileges in the federal Backpage lawsuit to any third parties, specifically Backpage and its agents/representatives.

4. Plaintiff Stephanie Zugschwert shall provide Defendants with a log of all communications she or her attorney have had with any third parties, including Backpage, its agents/representatives, regarding the claims, defenses, or proceedings in Backpage and provide a list of the dates of all communications; the methods of communication; with whom she communicated; who else was present for or received copies of such communications; a detailed description of the content of any such communications; and which documents, if any, were provided to Backpage, its agents/representatives, or any other third party.

17-L-10368

So Ordered.

Prepared by:                                    ENTER:
Robert T. Shannon
Gretchen Harris Sperry
James M. Lydon
HINSHAW & CULBERTSON LLC
222 N. LaSalle St., Ste. 300
Chicago, IL 60601                               _____
312-704-3000                                    JUDGE                                NO.
Firm I.D. 90384

ELECTRONICALLY FILED
2/14/2018 11:53 AM
2017-L-010368
PAGE 7 of 7

**Exhibits to
Emergency Motion
for Protective Order
(Appendix C)**

**OMITTED**

**because material is already
on file with this Court**

# Law DIVISION
## Litigant List

Printed on 02/14/2018

Case Number: 2017-L-010368

Page 1 of 1

## Plaintiffs

| Plaintiffs Name | Plaintiffs Address | State | Zip | Unit # |
|---|---|---|---|---|
| ZUGSCHWERT STEPHANIE | | | 0000 | |

Total Plaintiffs: **1**

## Defendants

| Defendant Name | Defendant Address | State | Zip | Unit # | Service By |
|---|---|---|---|---|---|
| COOK COUNTY SHERIFF'S OFF | 50 W WASHINGTON | IL | 0000 | | |
| DART TOM | 50 W WASHINGTON | IL | 0000 | | |
| RYAN JOSEPH | 3026 S CALIFORNIA | IL | 0000 | | |
| SMITH CARA | 3026 S CALIFORNIA | IL | 0000 | | |
| COOK COUNTY | | | 0000 | | |

Total Defendants: **5**

ELECTRONICALLY FILED
2/14/2018 11:56 AM
2017-L-010368
CALENDAR: N
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| STEPHANIE ZUGSCHWERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-L-10368 |
| | ) | |
| COOK COUNTY SHERIFF'S OFFICE, | ) | |
| THE COUNTY OF COOK, a unit of local | ) | |
| government, TOM DART, in his individual | ) | |
| capacity, CARA SMITH, in her individual | ) | |
| capacity, JOSEPH RYAN, in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

TO:     Lisa Stauff
        Law Offices of Lisa Stauff
        53 W. Jackson Blvd., Suite 624
        Chicago, IL 60604
        lstauff@staufflaw.com

PLEASE TAKE NOTICE that on **February 15, 2018,** at **9:45 a.m.,** we shall appear before the Honorable Judge Margaret Brennan, Courtroom 2010, at the Circuit Court of Cook County, Daley Center, 50 W. Washington Street, Chicago, Illinois, and shall then and there present **Defendants' Emergency Motion for Entry of a Protective Order,** a copy of which is attached hereto and served upon you.

HINSHAW & CULBERTSON LLP
222 North LaSalle Street Ste. 300
Chicago, Illinois 60601-1081
(312) 704-3000
Firm I.D. No. 90384
ckasdin@hinshawlaw.com

## PROOF OF SERVICE

The undersigned, an attorney, certify that I served this notice via the Cook County Circuit Court electronic filing system by 5:00 p.m. on February 14, 2018.

[x]     Under penalties as provided by law pursuant to
        ILL.Rev.Stat.Chap 110-Sec 1-109, I certify that
        the statements set forth herein are true and correct.

                                        /s/ Gretchen Harris Sperry

301207105v1 0999783

# APPENDIX D

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

_Zugschwert_ )
Plaintiff(s), )
)  No. _17-L-14349_
)
v. )
)
_Cook Co. Sheriff's Office_ )
Defendant(s) _et al._ )

## ORDER

This matter coming before the court on Defs' Emergency Motion for Protective Order, the parties appearing before the court it is hereby ordered: Until further order of the Court, Plaintiff Zugschwert is barred from having any communication with Backpage, its representatives, or counsel, and barred from discussing her with the Sheriff's Office as an attorney or policy analyst with any third parties. Briefing on the motion is as follows: Plf Resp. Due March 2; Sheriff's Office Reply due March 9. Hearing on the matter set for March 15 at 10:30 AM Briefing schedule of 1/24/18 is stricken; Clerk status of 4/10/18 stricken

Atty. No.: _90384_

Name: _Sverry / Hinshaw_

Atty. for: _Sheriff's Office_

Address: _222 N LaSalle_

City/State/Zip: _Chicago, IL 60601_

Telephone: _(312) 704-3000_

ENTERED: Judge Margaret Ann Brennan

FEB 15 2018

Circuit Court - 1846
Judge Margaret A. Brennan  1846

# APPENDIX E



**E-Notice**

2017-L-010368
CALENDAR: N

To:  Lisa M. Stauff
     lstauff@staufflaw.com

---

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### STEPHANIE ZUGSCHWERT vs. COOK COUNTY

The transmission was received on 03/02/2018 at 10:22 PM and was ACCEPTED with
the Clerk of the Circuit Court of Cook County on 03/06/2018 at 9:25 AM.

**MEMORANDUM (Plaintiff's Memorandum in Opposition to Defendants' Motion for Protective Order)**

Filer's Email:      lstauff@staufflaw.com
Filer's Fax:
Notice Date:       3/6/2018 9:25:49 AM
Total Pages:       8

**DOROTHY BROWN**
**CLERK OF THE CIRCUIT COURT**
COOK COUNTY
RICHARD J. DALEY CENTER, ROOM 1001
CHICAGO, IL 60602

(312) 603-5031
courtclerk@cookcountycourt.com

ELECTRONICALLY FILED
3/2/2018 10:22 PM
2017-L-010368
CALENDAR: N
PAGE 1 of 8
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

THE STATE OF ILLINOIS
CIRCUIT COURT OF COOK COUNTY
CHICAGO, ILLINOIS
LAW DIVISION

STEPHANIE ZUGSCHWERT,

**Plaintiff,**

vs.

COOK COUNTY SHERIFF'S OFFICE; THE
COUNTY OF COOK, A UNIT OF LOCAL
GOVERNMENT; THOMAS DART, IN HIS
INDIVIDUAL CAPACITY; JOSEPH RYAN, IN HIS
INDIVIDUAL CAPACITY; CARA SMITH, IN HER
INDIVIDUAL CAPACITY.

**Defendants.**

Case No. 17-L-10368

Judge Margaret Ann Brennan

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Plaintiff, Stephanie Zugschwert, by and through her attorney, Lisa M. Stauff, opposes Defendants' Motion for a Protective Order, as follows:

### INTRODUCTION

The title of Defendants' motion is at best, a misnomer. A protective order under Illinois Supreme Court Rule 201(c)(1) is typically sought to regulate and/or administer discovery procedures in a specific case. Defendants' motion in no way touches upon discovery administration where Defendants seek, in part, to bar Plaintiff from communicating at all, on any subject, with a third party that is substantively unrelated

1

to Plaintiff's whistleblower action against Defendants. In short, Defendants have not asked for a protective order. They have asked for injunctive relief.

Defendants' motion must be denied because they have made none of the required showings to support such a sweeping prior restraint on Ms. Zugschwert's constitutional rights to free speech and due process. Moreover, to the extent that Defendants have an interest in controlling Ms. Zugschwert's contact with an opponent in outside litigation, that motion must be brought before the judge supervising the Federal litigation.

<div align="center">BACKGROUND</div>

ELECTRONICALLY FILED
3/2/2018 10:22 PM
2017-L-010368
PAGE 2 of 8

This litigation arises under the Illinois Whistleblower Act, wherein Plaintiff, Stephanie Zugschwert, a former policy analyst for the Cook County Sheriff's Office, alleges she was fired when she refused to participate in creating the fiction that she was hired by the Sheriff as an attorney, for the purpose of giving legal advice. The need for Ms. Zugschwert's participation in such a charade arose in 2015, when the Sheriff was sued by Backpage.com ("Backpage") due to the effects of a policy initiative that Ms. Zugschwert authored. In the Backpage litigation, Backpage brought a motion to compel the production of certain documents produced by Ms. Zugschwert in the course of her employment. In response to Backpage's motion to compel, the Sheriff argued that Ms. Zugschwert's work product was privileged because Ms. Zugschwert was hired as an attorney. When Ms. Zugschwert found out that the Sheriff intended to make this argument in order to withhold documents from Backpage, she vigorously objected because prior to hire the Sheriff expressly waived any requirement that she be a licensed

<div align="center">2</div>

attorney to work for the Sheriff's office, and, that at all times the Sheriff knew that she was not providing legal advice, because she had not been a licensed attorney for nearly 20 years. Ultimately, Ms. Zugschwert told her superiors at the Sheriff's Office that if she was ever called to testify as to the terms of her employment, she would not lie in order to protect the documents pursuant to attorney-client privilege. Ms. Zugschwert was fired for refusing to participate in a lie, and she brought the instant suit in order to seek redress for the economic and professional harm caused by the Sheriff's conduct.

Defendants have not yet answered or otherwise pleaded in the case at bar; and the case is not in discovery. Yet, Defendants have brought an emergency motion for entry of a protective order before this Court under Illinois Supreme Court Rule 201(c)(1) to bar Ms. Zugschwert or her counsel from having any contact with Backpage, or any third-parties (including the press), about Ms. Zugschwert's employment with Defendants. Defendants also seek to prevent Ms. Zugschwert or her counsel from producing any documents to Backpage or any third-parties, and they seek a comprehensive log of each and every contact and communication Ms. Zugschwert and her counsel have any with anyone regarding any aspect of her employment with Defendants.

On February 15, 2018, this Court temporarily barred Ms. Zugschwert from contacting Backpage and/or producing any documents to Backpage, and barred Ms. Zugschwert from discussing her employment with Defendants with any third-parties until the parties were able to brief these issues.

ELECTRONICALLY FILED
3/2/2018 10:22 PM
2017-L-010368
PAGE 3 of 8

3

<u>ARGUMENT</u>

This Court must deny Defendants' motion in its entirety because Defendants have argued neither facts nor law in support of the spectacularly broad injunctive relief sought by their motion. Granting Defendants' motion would be an unconstitutional prior restraint on Plaintiff's First Amendment right to free speech, and would impair Plaintiff's right to due process.

I.     <u>Defendants' motion for injunctive relief must be denied because it is an impermissible prior restraint on Ms. Zugschwert's First Amendment rights.</u>

ELECTRONICALLY FILED
3/2/2018 10:22 PM
2017-L-010368
PAGE 4 of 8

Illinois courts have long held that "motions should be resolved based on their substance rather than their form." *Five Mile Capital Westin N. Shore SPE, LLC. v. Berkadia Commer. Mortg., LLC.*, 2012 Ill. App. LEXIS 1031 *14 (1st Dist. 2012). An injunction is "a judicial process, by which a party is required to do a particular thing, or to refrain from doing a particular thing…the most common sort of which operate as a restraint upon the party in the exercise of his real or supposed rights." *In re A Minor*, 127 Ill. 2d 247, 259 (Ill. 1989)(citation omitted). Defendants seek, in part, to prevent Ms. Zugschwert from disseminating any information about her employment with Defendants to any third-parties, including Backpage.com. As in *In re A Minor*, Defendants seek to prevent Ms. Zugschwert from "doing a particular thing," namely, the exercise of Ms. Zugschwert's constitutional rights to free speech and due process. *Id.* Hence, Defendants' motion is not for a protective order, under discovery rules, but is instead a request for injunctive relief.

An injunction is "an extreme remedy which should be employed only in situations where an emergency exists and serious harm would result if the injunction is not issued." *Five Mile Capital* at *15 (citation omitted). A party seeking an injunction must show that 1) a clear right in need of protection exists, 2) irreparable harm will occur without the injunction, 3) there is no adequate remedy at law, and 4) there is a likelihood of success on the merits. *Id.* (citing *Callis, Papa, Jackstadt & Halloran PC v. Norfolk & W. Railway,* 195 Ill. 2d 356, 365-366 (2001)).

Defendants have made none of these showings; their motion is devoid of law and is scant on facts which support any of these elements. To the extent that Defendants are concerned that Ms. Zugschwert will disclose privileged information to Backpage or any other third parties, Defendants' motion seeks remedies which go far beyond addressing those concerns. A routine protective order in an employment case could address the confidentiality of documents created by Ms. Zugschwert created or obtained by Ms. Zugschwert in the course of her job duties for Defendants. But Defendants' motion seeks to prohibit <u>all speech</u> by Ms. Zugschwert about the terms and conditions of her hire and her employment with Defendants, and seeks a log of every communication which Ms. Zugschwert has had with anyone at any time about her employment with Defendants.

This Court must analyze the gag order proposed by Defendants with a '"heavy presumption' that it is unconstitutional." *Cummings v. Beaton Assoc. Inc.,* 192 Ill. App. 3d 792, 793 (1st Dist. 1989). A "predetermined judicial prohibition restraining specified expression" can be an unconstitutional prior restraint on speech where the restraint

ELECTRONICALLY FILED
3/2/2018 10:22 PM
2017-L-010368
PAGE 5 of 8

"prevents the timely disclosure of truthful information." *In re A Minor*, at 264 (citations omitted). In this case, not only would Ms. Zugschwert be barred from discussing non-privileged information with any third-parties, including the press, but she would be barred as a witness in the Federal court case currently litigated by Defendants and Backpage.

It is worth noting that the U.S. District Court has never decided whether Ms. Zugschwert was acting as an attorney while employed by Defendants, i.e., the question of whether any of Ms. Zugschwert's work product was privileged has never been addressed by Judge Tharp in the Federal case because the question became moot. *Defendant's Emergency Motion for the Entry of Protective Order*, Exhibit B, p. 13: 8-25 ("it doesn't make sense to address this motion substantively at this point.") Given that there is a motion for sanctions on this issue now pending before Judge Tharp as a result of Ms. Zugschwert's lawsuit, it is conceivable that non-privileged information relating to the terms and conditions of Ms. Zugschwert's employment will be material to Judge Tharp's decision on the sanctions motion.

If this Court bars Ms. Zugschwert from communicating with Backpage about the terms and conditions of her employment, Ms. Zugschwert suffers because she loses the opportunity to clear her name and restore her professional reputation, which was harmed by Defendants in the Federal litigation. Moreover, granting Defendants' gag order forces Backpage to intervene in the case at bar in order to have access to its witness for the Federal litigation. These outcomes surely impact the "timely disclosure of truthful information," as discussed in *In re A Minor*.

ELECTRONICALLY FILED
3/2/2018 10:22 PM
2017-L-010368
PAGE 6 of 8

6

Defendants' concerns about the disclosure of privileged communications can be addressed without impacting Ms. Zugschwert's constitutional rights. For this reason, Defendants' motion must be denied.

CONCLUSION

This Court must deny Defendants' motion for a protective order because the remedy sought is unconstitutional injunctive relief which acts as an impermissible prior restraint on Ms. Zugschwert's freedom of speech and right to due process. Defendants' demand for a log of all communications Ms. Zugschwert has had with any third party about her employment with Defendants is overly broad and impermissibly burdensome. As a mere discovery request it would likely be struck as irrelevant to the case at bar, and unlikely to lead to the discovery of admissible evidence, because for the most part, Backpage.com is irrelevant to Ms. Zugschwert's whistleblower action now before the Court. But Defendants' motion is not a discovery request. Defendants seek an injunction. This request must be denied.

<div style="margin-left:2em">

Respectfully submitted,
Plaintiff,
Stephanie Zugschwert,


By: _____ /s/ Lisa M. Stauff
her attorney

</div>

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036
LStauff@StauffLaw.com

ELECTRONICALLY FILED
3/2/2018 10:22 PM
2017-L-010368
PAGE 7 of 8

` CERTIFICATE OF SERVICE

I, Lisa M. Stauff, an attorney, hereby certify that on March 2, 2018, a copy of the attached document was served upon Defendants via the Court's Electronic Filing System, and by email, upon the parties listed below:

Gretchen H. Sperry
Hinshaw & Culbertson
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
gsperry@hinshawlaw.com


/s/      Lisa M Stauff

ELECTRONICALLY FILED
3/2/2018 10:22 PM
2017-L-010368
PAGE 8 of 8

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036
LStauff@StauffLaw.com

8

# Law DIVISION
## Litigant List

Printed on 03/06/2018

Case Number: 2017-L-010368                                                                Page 1 of 1

## Plaintiffs

| Plaintiffs Name | Plaintiffs Address | State | Zip | Unit # |
|---|---|---|---|---|
| ZUGSCHWERT STEPHANIE | | | 0000 | |

Total Plaintiffs: **1**

## Defendants

| Defendant Name | Defendant Address | State | Zip | Unit # | Service By |
|---|---|---|---|---|---|
| COOK COUNTY SHERIFF'S OFF | 50 W WASHINGTON | IL | 0000 | | |
| DART TOM | 50 W WASHINGTON | IL | 0000 | | |
| RYAN JOSEPH | 3026 S CALIFORNIA | IL | 0000 | | |
| SMITH CARA | 3026 S CALIFORNIA | IL | 0000 | | |
| COOK COUNTY | | | 0000 | | |

Total Defendants: **5**

# APPENDIX F



**E-Notice**

2017-L-010368
CALENDAR: N

To: Wayne Bruce Giampietro
wgiampietro@giampietrolaw.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### STEPHANIE ZUGSCHWERT vs. COOK COUNTY

The transmission was received on 03/05/2018 at 1:46 PM and was ACCEPTED with
the Clerk of the Circuit Court of Cook County on 03/06/2018 at 10:46 AM.

**INTERVENING PETITION NON-PARTY (INTERVENING PETITION NON-PARTY)**

Filer's Email:     wgiampietro@giampietrolaw.com
Filer's Fax:       (312) 236-9624
Notice Date:       3/6/2018 10:46:51 AM
Total Pages:       2

**DOROTHY BROWN**
**CLERK OF THE CIRCUIT COURT**
COOK COUNTY
RICHARD J. DALEY CENTER, ROOM 1001
CHICAGO, IL 60602

(312) 603-5031
courtclerk@cookcountycourt.com

ELECTRONICALLY FILED
3/6/2018 8:30 AM
2017-L-010368
CALENDAR: N
PAGE 1 of 2
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

STEPHANIE ZUGSCHWERT,

          Plaintiff,

    v.

COOK COUNTY SHERIFF'S OFFICE, et al.,

          Defendant.

No. 2017-L-010368

**BACKPAGE.COM, LLC'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING DEFENDANTS' EMERGENCY MOTION FOR ENTRY OF PROTECTIVE ORDER**

       Backpage.com, LLC ("Backpage"), by and through undersigned counsel, and pursuant to Section 2-408 of the Code of Civil Procedure, hereby moves for limited leave to intervene in the above-captioned proceeding as an interested party, solely to submit objections to the emergency motion by Defendants Cook County Sheriff's Office, the County of Cook, Tom Dart, Cara Smith, and Joseph Ryan for entry of a protective order, and to challenge this Court's Order of February 15, 2018 granting Defendants' motion. For the reasons set forth more fully in a Memorandum of Law filed contemporaneously hereto, and incorporated herein by reference, Backpage asserts that it should be permitted to intervene in this proceeding for the purpose of challenging Defendants' request to limit the Plaintiff Stephanie Zugschwert's right to freely speak and communicate with Backpage or its agents or representatives or "any third parties." Backpage further argues that under well settled law the Court's Order and any similar "protective order" sought by Defendants impose an unconstitutional prior restraint on Plaintiff's speech and otherwise interfere with proceedings currently pending between Backpage and Defendant Sheriff Dart in the U.S. District Court for the Northern District of Illinois, and that

Defendants have failed to meet their heavy burden to obtain such an order.

Wherefore, Backpage respectfully requests leave of this Court to intervene for the limited purpose of challenging this Court's Order of February 15, 2018, opposing Defendants' emergency motion for protective order, and to request that this Court deny Defendants' motion.

Dated: March 2, 2018

Respectfully submitted,

By:     *s/ Robert Corn-Revere*
      Robert Corn-Revere (Attorney Code 62359)
      bobcornrevere@dwt.com
      Ronald G. London
      ronnielondon@dwt.com
      Lisa B. Zycherman
      lisazycherman@dwt.com
      DAVIS WRIGHT TREMAINE LLP
      1919 Pennsylvania Ave., N.W., Suite 800
      Washington, DC  20006
      Telephone:  (202) 973-4200

      Wayne B. Giampietro
      POLTROCK & GIAMPIETRO
      123 W. Madison St. #1300
      Chicago, IL 60602
      Telephone: 312-236-0606
      Email: wgiampietro@giampietrolaw.com

      *Attorneys for Backpage.com, LLC*

ELECTRONICALLY FILED
3/6/2018 8:30 AM
2017-L-010368
PAGE 2 of 2

# Law DIVISION
## Litigant List

Printed on 03/06/2018

Case Number: 2017-L-010368

## Plaintiffs

| Plaintiffs Name | Plaintiffs Address | State | Zip | Unit # |
|---|---|---|---|---|
| ZUGSCHWERT STEPHANIE | | | 0000 | |

Total Plaintiffs: **1**

## Defendants

| Defendant Name | Defendant Address | State | Zip | Unit # | Service By |
|---|---|---|---|---|---|
| COOK COUNTY SHERIFF'S OFF | 50 W WASHINGTON | IL | 0000 | | |
| DART TOM | 50 W WASHINGTON | IL | 0000 | | |
| RYAN JOSEPH | 3026 S CALIFORNIA | IL | 0000 | | |
| SMITH CARA | 3026 S CALIFORNIA | IL | 0000 | | |
| COOK COUNTY | | | 0000 | | |

Total Defendants: **5**

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

STEPHANIE ZUGSCHWERT,

        Plaintiff,

      v.

COOK COUNTY SHERIFF'S OFFICE, et al.,

        Defendant.

No. 2017-L-010368

## MEMORANDUM OF LAW IN SUPPORT OF BACKPAGE.COM, LLC'S MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER

Non-party Backpage.com, LLC ("Backpage") respectfully submits this Memorandum of Law in support of its motion pursuant to Section 2-408 of the Code of Civil Procedure to intervene for the limited purpose of opposing Defendants' emergency motion for protective order. *See* 735 ILCS § 5/2-408(e). Because Defendants seek an unconstitutional prior restraint against Plaintiff Stephanie Zugschwert, their motion must be denied.

### PRELIMINARY STATEMENT AND RELEVANT BACKGROUND

Backpage has sued Defendant Sheriff Dart in federal court alleging First Amendment violations stemming from Dart's efforts to shutdown Backpage's online classifieds website. Dart's efforts – which included threatening credit card companies to get them to discontinue servicing Backpage's site – have been enjoined by order of the U.S. Court of Appeals for the Seventh Circuit. *Backpage.com, LLC v. Dart*, 807 F.3d 229 (7th Cir. 2015) (attached hereto as Ex. A). Backpage and Dart are now engaged in litigation to resolve the merits of Backpage's suit. During discovery, Dart withheld thousands of pages of documents from production based on various shifting claims of privilege. Many, if not most, of these documents were associated with the Plaintiff in the above-captioned proceeding, Stephanie Zugschwert, a former policy analyst Dart hired to devise his strategy to shut down Backpage. Dart withheld the documents

on various claims of law enforcement and deliberative process privilege. In response to Backpage's motion to compel, Dart continues to withhold the documents, but shifted his privilege claims to work product and attorney-client privilege. Backpage continued to challenge Dart's privilege assertions, noting Dart had previously maintained that Ms. Zugschwert was neither licensed to practice law nor employed by the Sheriff as an attorney. *See* Ex. B, Backpage Mot. to Compel, *Backpage.com, LLC v. Dart*, No. 1:15-cv-06340 (N.D. Ill. Mar. 14, 2016), ECF No. 132 at 10-16. The District Court denied the motion to compel without prejudice, observing that the parties had indicated the case could be resolved on summary judgment without further discovery. At the time, it indicated the motion to compel could be renewed, if necessary.

Ms. Zugschwert's wrongful termination suit in this Court revealed that Dart's assertions of attorney-client privilege were entirely fabricated, and made with full knowledge that she had not been hired as an attorney and was not acting in a legal capacity for Sheriff Dart. *See* Ex. C, Complaint. According to Ms. Zugschwert's pleading to this Court, "the Cook County Sheriff's Office intentionally lied and misrepresented her employment relationship to the U.S. District Court, Northern District of Illinois, in order to prevent the production of Ms. Zugschwert's work product pursuant to written discovery requests in the case *Backpage.com v. Thomas J. Dart, Cook Co. Sheriff*, Case No. 15-CV-6340." *Id.* ¶ 1. Her complaint alleges she was fired after telling her supervisors "if she was ever asked by the U.S. District Court, by Backpage.com counsel, or by the State of Illinois, she would tell them that she was expressly *not* providing legal advice when she completed Backpage.com-related policy analysis." *Id.* ¶ 69.

The facts alleged in Ms. Zugschwert's complaint were the basis for a motion for sanctions in *Backpage.com v. Dart*, arguing that the Sheriff's knowingly false and shifting privilege claims constituted a fraud on the federal court and violated the Federal Rules of Civil Procedure. Ex. D, Backpage Mot. for Sanctions, *Backpage.com, LLC v. Dart*, No. 1:15-cv-

2

06340 (N.D. Ill. Dec. 15, 2017), ECF No. 205. In Dart's response to Backpage's Motion for Sanctions, he argued that Plaintiff's motion lacked sufficient evidentiary support because Ms. Zugschwert's complaint contained "unproven and false allegations." Ex. E, Sheriff's Resp. to Mot. for Sanctions, *Backpage.com, LLC v. Dart*, No. 1:15-cv-06340 (N.D. Ill. Jan. 12, 2018), ECF No. 212. Acknowledging this point on reply, Backpage submitted the sworn Declaration of Stephanie Zugschwert, which recounted and verified allegations in her publicly filed Complaint in this Court, stating that:

- During her tenure with the Sheriff's Office she worked exclusively as a policy analyst and was never engaged as an attorney.

- She was terminated because she refused to remain silent after learning the Sheriff's Office intentionally misrepresented her employment relationship in order to avoid production in this case of materials and communications she authored, received or to which she was a party.

- Her termination also was based on her refusal to dishonestly claim that she had worked as an attorney in the Cook County Sheriff's Office in connection with the discovery dispute in this case.

- She specifically attests to the facts as set forth in her wrongful termination complaint that provide a detailed account of her engagement by, employment with, and termination from the Sheriff's Office, as well as the interactions and events leading to her termination.

Ex. F, Pls.' Reply to Sheriff Dart's Opp. to Mot. for Sanctions & App. B ¶¶ 2-5, *Backpage.com, LLC v. Dart*, No. 1:15-cv-06340 (N.D. Ill. Feb. 2, 2018) ECF Nos. 214 & 214-1.[1]

Following Backpage's submission of Ms. Zugschwert's Declaration to the U.S. District Court, on February 15, 2018, Dart and his co-defendants moved this Court to issue a protective order in this action "to prevent further communication between Plaintiff Zugschwert and Defendants' litigation adversaries [Backpage] in a lawsuit currently pending in federal court,"

---

[1] The declaration was obtained from Ms. Zugschwert through her counsel. Undersigned counsel have had no direct contact with Ms. Zugschwert.

claiming a risk that Ms. Zugschwert might disclose "privileged information" to "Backpage or its agents or representatives." Defs' Emergency Mot. Protective Order ¶¶ 1, 13. In support of their emergency TRO request, Dart and his co-defendants specifically referenced the Declaration of Ms. Zugschwert submitted by Backpage in the U.S. District Court proceeding. *See id.* ¶ 9. Dart and his co-defendants also demanded that Ms. Zugschwert provide "a log of all communications she or her attorney have had with Backpage." *Id.* ¶ 14. That same day, this Court ordered: "Plaintiff Zugschwert is barred from having any communication with Backpage, its representatives, or counsel, and barred from discussing her role with the Sheriff's Office as an attorney or policy analysis with any third parties."

This Court's Order on its face is an unconstitutional prior restraint on Ms. Zugschwert's ability to engage in "any communications" regarding her work at the Sheriff's office – privileged or not. And, relatedly, the Order also restricts Backpage's First Amendment right to receive information and ideas from Ms. Zugschwert, who is Backpage's witness in its suit against Dart. "First Amendment protection extends equally to the right to receive information, and to the right to solicit information or responses," and this right is sufficient to confer standing to challenge restrictions on speech. *Allentown Mack Sales & Serv., Inc. v. NLRB*, 522 U.S. 359, 386-87 (1998) (Rehnquist, J., concurring in part) (citing *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972), *Edenfield v. Fane*, 507 U.S. 761, 765-66 (1993), and *Virginia Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 761 (1976)). The Supreme Court has described prior restraints as the "most serious and the least tolerable infringement on First Amendment rights," *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976), justified, if at all, only in the rarest circumstances. The Defendants in this case do not come close to meeting their heavy burden to justify the issuance of such a broad gag order on Ms. Zugschwert. Their emergency motion merely invoked general attorney-client privilege interests – without any

4

elaboration or explanation – even though the information sought to be restrained necessarily includes non-privileged information. This is not nearly enough to justify the extreme relief the Court has ordered. As the Illinois federal courts have consistently held, concerns regarding the violation of an attorney-client privilege are insufficient to impose an unconstitutional prior restraint. *See NLRB v. Modern Drop Forge Co.*, 108 F.3d 1379 (7th Cir. 1997) (table); *Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689, 691 (N.D. Ill. 1983) ("[T]he proposed method of protecting [attorney-client privilege]—the *prior restraint* of the testimony of the attorney as to *any* matter—raises even more troublesome issues."). Because Defendants did not and cannot enunciate any other basis for the Court's Order, the Order should be nullified and Defendants' emergency motion denied.

Here, Defendants, rather than addressing their concerns regarding disclosure of assertedly privileged material in communications between Backpage and a witness to the U.S. District Court, instead ran to this Court to obtain a gag order preventing Ms. Zugschwert from communicating with "any third party" regarding her work at the Sheriff's office. The Court's Order is so broad as to even limit Ms. Zugschwert's ability to provide any testimony to the U.S. District Court on the issues raised in Backpage's motion for sanction, or any other future proceedings, including summary judgment and trial. This Court's Order thus directly impinges Backpage's ability to fully prosecute its federal case against Sheriff Dart. Accordingly, this Court should allow Backpage to intervene for the limited purpose of challenging the Order and opposing Defendants' request for an unconstitutional prior restraint.

**ARGUMENT**

5

**A.     Backpage Has an Interest in this Litigation, and Defendants' Emergency Motion, That Is Not Adequately Represented By Existing Parties**

Under Section 2-408 of the Code of Civil Procedure.  Any party may intervene as of right when: (1) intervention is allowed by statute; (2) the intervening party has an interest in the litigation that is not adequately represented by existing parties and the intervening party will or may be bound by the order or judgment in the lawsuit; or (3) the intervening party is "so situated as to be adversely affected" by distribution or disposition of property at issue in the lawsuit.  735 ILCS § 5/2-408(a).  Here, Backpage undoubtedly has an interest in this proceeding insofar as an Order of this Court silences Backpage's witness in an ongoing federal case – an interest "not adequately represented" by either Defendants or Ms. Zugschwert.  The Court may also, in its discretion, grant intervention to Backpage because Backpage is raising a claim that "shares a common question of law or fact" with Ms. Zugschwert's suit.  *Id.* § 5/2-408(b).  Permitting Backpage to intervene for the limited purpose of challenging this Court's Order and opposing Defendants' emergency motion will not "unduly delay or prejudice the adjudication of the rights of the original parties," *id.* § 5/2-408(e), but will instead allow Backpage to put before this Court additional facts relevant to the pending emergency motion and the effects of this Court's Order.

Moreover, good cause exists for the Court to hear Backpage's motion for limited intervention immediately.  The Order was entered on February 15, 2018 – less than two weeks after briefing concluded in Backpage's sanctions motion against Sheriff Dart, which remains pending and may require an evidentiary hearing.  This Court's Order effectively prevents Backpage from engaging in any further communications with Plaintiff regarding the substance of her allegations in this action that she was not acting as a lawyer when she worked at the Sheriff's office, that she had not held a law license for over twenty years, had never been licensed to practice in the State of Illinois, and that Dart intentionally misled the U.S. District

Court regarding her status to evade Backpage's discovery requests. Notably, none of this is protected by any attorney-client privilege (falsely claimed by Dart) between Ms. Zugschwert and the Sheriff's office. This limitation affects Backpage's ability to present Ms. Zugschwert's testimony to the U.S. District Court on its pending sanctions motion, or otherwise submit Ms. Zugschwert's testimony in support of summary judgment or at trial.

Backpage's motion to intervene is both timely and urgent. As the United States Supreme Court has held, courts should resolve challenges to the validity of a prior restraint on an expedited basis. *See Freeman v. Maryland*, 380 U.S. 51, 59 (1965) (holding that determination of validity of prior restraint "must [] be limited to . . . the shortest fixed period compatible with sound judicial resolution"); *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963) (prior restraint must be "assured an almost immediate determination of the validity of the restraint"). *See also Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of times, unquestionably constitutes irreparable injury."). Thus, Backpage respectfully requests that it be allowed to intervene in this case for limited purpose of challenging the portion of the Court's Order entered February 15, 2018, that restrains Backpage's communications with Plaintiff and to otherwise oppose Defendants' emergency motion.

**B.      Defendants' Emergency Motion Improperly Seeks To Impose an Unconstitutional Prior Restraint on Plaintiff That Will Directly Impact Backpage's Federal Litigation With Defendants**

Few, if any, legal principles are as well-established as the constitutional barrier against government censorship. As the U.S. Supreme Court repeatedly has recognized, prior restraints constitute "the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press*, 427 U.S. at 558. Prior restraints are "presumptively unconstitutional." *Id.* (citation omitted); *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971) (prior restraint comes "with a heavy presumption against its constitutional validity") (internal quotation marks and citations omitted). Given the Supreme Court's antipathy toward prior restraints, it is not surprising that the Court "has never upheld a prior restraint, even faced with the competing interest of national security or the Sixth Amendment right to a fair trial." *Procter & Gamble v. Bankers Tr. Co.*, 78 F.3d 219, 227 (6th Cir. 1996). Nor is it surprising that Defendants' emergency motion does not cite even a single case where a prior restraint was upheld. This is because prior restraints may be justified, if at all, only in the most exceptional circumstances, such as to prevent the dissemination of information about troop movements during wartime, *Near v. Minnesota*, 283 U.S. 697, 716 (1931), or to "suppress[] information that would set in motion a nuclear holocaust." *New York Times Co. v. United States*, 403 U.S. 713, 726 (1971) (Brennan, J., concurring).

Relying on these authorities, courts in Illinois have rejected efforts to enjoin speech, holding that "[w]here a court restricts the speech of a private person, that restriction can be sustained only if it can be shown that the court's restriction is a precisely drawn means of serving a compelling state interest." *Petrillo v. Syntex Labs., Inc.*, 148 Ill. App. 3d 581, 606-07, 499 N.E.2d 952, 969 (1986) (citing *Consolidated Edison Co. v. Public Serv. Comm'n*, 447 U.S. 530, 540 (1979)). The Court's Order here, as sought by Defendants, is profoundly overbroad.

8

and precludes Ms. Zugschwert from engaging in "any communication" with "any third party" regarding her work at the Sheriff's office – *regardless* of whether such communication falls within any privilege that Defendants (falsely) claim. The only possible interest to be gleaned from Defendants' slim motion is their concern that Ms. Zugschwert may divulge what they believe is attorney-client privileged information. But concern about the possible disclosure of privileged information is insufficient justification for imposing a sweeping gag order on Ms. Zugschwert as courts uniformly have held. *See Rodgers v. U.S. Steel Corp.*, 536 F.2d 1001, 1008 (3d Cir. 1976) ("But even if we were to agree that this information was privileged, . . . that fact alone would not justify a prior restraint on speech here.").

The Illinois federal courts have affirmed this point. *Hunt Int'l Resources*, 98 F.R.D. 689, involved a scenario in which a law firm moved the district court to quash a deposition subpoena directed to a partner in the firm who previously represented plaintiffs in the case, but who was about to leave the firm. The firm continued to represent some plaintiffs in the case. The district court initially noted that "challenges to the taking of an attorney's deposition, based upon claims that any of the attorney's testimony will involve disclosure of privileged information or 'work product,' have been held to be premature." *Id.* at 690 (citing *Shiner v. American Stock Exchange*, 28 F.R.D. 34 (S.D.N.Y. 1961)). The court then explained:

> [C]ompletely preventing the taking of a deposition on either of the above grounds would tend to limit or fix the scope of the examination before it began and would usurp the court's role in deciding whether certain questions seek privileged information. The more appropriate method is to allow the deposition to be taken and permit the attorney to claim privilege in the face of certain questions, if necessary.

*Id.* (citation omitted). The district court went on to note that although it was aware that the procedure it proposed could be problematic, a prior restraint of the deposition raised "even more troublesome issues." *Id.* at 691. The court found that a prior restraint of the deposition would

require two assumptions: (1) that everything to which the proposed deponent would testify would be subject to the attorney-client privilege, and (2) that the deponent would, in some instances, fail to adequately assert the privilege in the deposition. *Id.* The court concluded that there was no factual basis in the record to warrant those assumptions. It therefore denied the motion to quash the deposition subpoena and ordered the parties to proceed to deposition. In a later case, the Seventh Circuit endorsed the ruling in *Hunt*, noting that based on its research "[o]ther district courts have used a similar approach of requiring the parties to proceed to deposition and assert their privilege and objections therein." *Modern Drop Forge*, 108 F.3d 1379, at *3 (collecting cases).

As in *Hunt*, both this Court's Order and the Defendants' motion rest on an assumption that everything Ms. Zugschwert might communicate to others regarding her employment at the Sheriff's office would be subject to the attorney-client privilege. As alleged in Ms. Zugschwert's complaint, however, whether she ever acted as an attorney for the Sheriff's office is a point of controversy. But even putting that aside, there is no basis to hold that "all communications" Ms. Zugschwert may make regarding her employment with the Sheriff's office would necessarily contain privileged information. Ms. Zugschwert's declaration illustrates this point, wherein she avers to, *e.g.*, the timing of her hiring with the Sheriff's office, the position she was hired for, the nature of her work, and that her employment was terminated after she refused to support the Sheriff Dart's efforts to misrepresent the nature of her work to avoid producing materials in Backpage's case, none of which is privileged. *See* Ex. F.

In addition, as in *Hunt*, the Court's Order and the Defendants' emergency motion presupposes that Ms. Zugschwert would fail to adequately protect otherwise privileged information. There is simply no factual basis in the record to warrant that assumption – and as discussed further *infra*, Defendants' speculative concerns are insufficient to justify imposing a

10

gag order on Ms. Zugschwert. In both *Hunt* and *Modern Drop Forge*, the courts favored relying on preexisting procedural protections and professional codes of conduct over the issuance of an unconstitutional prior restraint – and so should the Court here.

To justify such an extraordinary remedy, Defendants must identify specific facts demonstrating a "clear and present danger" of harm to a paramount state interest, *Nebraska Press*, 427 U.S. at 563 – an interest that must be "more fundamental than the First Amendment itself," *Procter & Gamble*, 78 F.3d at 227. In addition, Defendants must show that no less restrictive measures will protect that interest. *Nebraska Press*, 427 U.S. at 563. And Defendants must carry these burdens with evidence; "speculate[ive ]" or "factors unknown and unknowable" will never justify a prior restraint. *Id.*

Here, the Defendants contend the prior restraint is necessary to address the potential violation of an attorney-client privileged relationship between Plaintiff and the Sheriff's office. However, the Supreme Court has never allowed privilege interests to justify an order imposing a prior restraint, and as discussed *supra*, the same is true under the weight of federal authority, including cases determined in the federal courts of Illinois. To be weighed against an interest in maintaining an attorney-client privilege is the First Amendment rights of Ms. Zugschwert to communicate with whomever she chooses, and those with whom she communicates to receive information from her. *See generally NAACP v. Button*, 371 U.S. 415 (1963); *Shelton v. Tucker*, 364 U.S. 479, 485-87 (1960). The Court's Order at issue here falls far short of these considerations and does not provide any justification for broadly restraining Plaintiff from engaging in "any communication" with "any third parties."

Even if some degree of prejudice to Defendants' case before this Court or Dart's defense of Backpage's claims in federal court may somehow result from the Ms. Zugschwert's communications with Backpage, the nature and extent of that prejudice is nothing more than

speculation. The U.S. Supreme Court has made clear that speculative harms falls well short of the showing necessary for the imposition of a prior restraint. *Nebraska Press*, 427 U.S. at 569. There is simply no indication – on the face of the declaration Ms. Zugschwert prepared for Backpage, in Ms. Zugschwert's pleadings before this Court, or in Defendants' emergency motion – that Ms. Zugschwert intends to disclose arguably privileged information.[2]

And even if Defendants were able to meet their burden of establishing demonstrable prejudice will result from Ms. Zugschwert engaging in communications with others regarding her employment at the Sheriff's office, the Court should nevertheless refrain from imposing a prior restraint. Less drastic alternatives exist for preventing harm to Plaintiff's asserted privilege obligations. "A trial court has the inherent power to punish contemptuous conduct and may fashion appropriate remedies for a party's contumacious behavior." *Kemner v. Monsanto*, 112 Ill. 2d 223, 249, 492 N.E.2d 1327, 1339 (1986) (citing *People v. Javaras*, 51 Ill. 2d 296, 299, 281 N.E.2d 670, 671 (1972), *Shatkin Inv. Corp. v. Connelly*, 128 Ill. App. 3d 518, 529, 470 N.E.2d 1230, 1238 (1984)). Conduct "calculated to embarrass, hinder or obstruct a court in its administration of justice or to derogate from its authority or dignity, or bring the administration of law into disrepute" constitute contempt of court. *In re Melody's Estate*, 42 Ill. 2d 451, 452, 248 N.E.2d 104, 105 (1969). Any extrajudicial attempt by Plaintiff to violate her alleged obligation to hold privileged information and communications confidential would be contemptuous behavior punishable by this Court, and a violation of her professional and ethical obligations. Such limitations are thus more than sufficient to deter the disclosures Defendants seek to avoid.

## CONCLUSION

---

[2] The documents at issue in *Backpage.com LLC v. Dart*, for which the Sheriff has falsely asserted privilege, are in Dart's possession. Whether or not those documents must be produced as a sanction for Dart's fraud on the court will be determined by the District Court in that case.

For the foregoing reasons, Backpage respectfully requests leave of this Court to intervene for the limited purpose of challenging this Court's Order of February 15, 2018, opposing Defendants' emergency motion for protective order, and to request that this Court deny Defendants' motion.

Dated: March 2, 2018

Respectfully submitted,

By:    *s/ Robert Corn-Revere*
    Robert Corn-Revere (Attorney Code 62359)
    bobcornrevere@dwt.com
    Ronald G. London
    ronnielondon@dwt.com
    Lisa B. Zycherman
    lisazycherman@dwt.com
    DAVIS WRIGHT TREMAINE LLP
    1919 Pennsylvania Ave., N.W., Suite 800
    Washington, DC  20006
    Telephone:  (202) 973-4200

    Wayne B. Giampietro
    POLTROCK & GIAMPIETRO
    123 W. Madison St. #1300
    Chicago, IL 60602
    Telephone: 312-236-0606
    Email: wgiampietro@giampietrolaw.com

    *Attorneys for Intervenor Backpage.com, LLC*

**Exhibits to
Backpage.com, LLC's
Motion to Intervene
(Appendix F)**

OMITTED

**because material is already
on file with this Court**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

STEPHANIE ZUGSCHWERT,       )
                                    )
           Plaintiff,      ) No. 2017 L 10368
                                    )
    vs.                      )
                                    )
COOK COUNTY SHERIFF'S OFFICE,  )
ET AL.,                    )
                                    )
           Defendants.   )

## <u>NOTICE OF MOTION</u>

TO:    Lisa Stauff                         Gretchen H. Sperry
        Law Offices of Lisa Stauff       Hinshaw, Culbertson
        53 W. Jackson, Suite 624        222 N. LaSalle, Suite 300
        Chicago, IL 60604              Chicago, IL 60647
        lstauff@staufflaw.com         gsperry@hinshawlaw.com

        PLEASE TAKE NOTICE that on March _1ª_, 2018, at ~~9:45~~ _10:30_ a.m., we shall
appear before the Honorable Judge Margaret Brennan, Courtroom 2020, Circuit Court of Cook
County, Daley Center, 50 W. Washington, Chicago, Illinois, and then and there present
BACKPAGE.COM, LLC'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
OPPOSING DEFENDANTS' EMERGENCY MOTION FOR ENTRY OF PROTECTIVE
ORDER, a copy of which is herewith served upon you.

                                    Wayne B. Giampietro
                                    Attorney for Backpage.com
                                    Poltrock & Giampietro
                                    123 W. Madison, Suite 1300
                                    Chicago, Illinois 60602
                                    312-236-0606
                                    wgiampietro@giampietrolaw.com
                                    Attorney ID: 23740

## CERTIFICATE OF SERVICE

I, Wayne B. Giampietro, certify that I served this Notice of Motion and Motion to Intervene upon counsel at the following emails:

lstauff@staufflaw.com          gsperry@hinshawlaw.com

on March 6, 2018.

_____
Wayne B. Giampietro

Lawrence A. Poltrock
Jennifer K. Poltrock
Wayne B. Giampietro

# POLTROCK & GIAMPIETRO
*Attorneys and Counselors*
123 W. MADISON STREET, SUITE 1300
CHICAGO, IL 60602
(312) 236-0606; FAX (312) 236-9264
E-Mail: wgiampietro@giampietrolaw.com

Kurtis R. Hale

March 6, 2018

**VIA HAND DELIVERY**
Honorable Judge Margaret Brennan
Courtroom 2010
Richard J. Daley Center
Chicago, Illinois

Re:    Zugschwert v. Cook County Sheriff's Office,
et al., No. 2017 L 10368

Dear Judge Brennan:

I enclose herewith Notice of Motion and Motion of Backpage.com to Intervene for the Limited Purpose of Opposing Defendants' Emergency Motion for Entry of Protective Order. I will present this Motion on the date set forth in the enclosed Notice of Motion.

Very Truly Yours,

Wayne B. Giampietro

WBG/afd
enclosure