# EXHIBIT C

1  KAMALA D. HARRIS
   Attorney General of California
2  ROBERT MORGESTER
   Senior Assistant Attorney General
3  RANDY MAILMAN
   Deputy Attorney General
4  MAGGY KRELL
   Supervising Deputy Attorney General
5  State Bar No. 226675
   1300 I Street, Suite 125
6  P.O. Box 944255
   Sacramento, CA 94244-2550
7  Telephone: ▓▓▓▓▓▓
8  Fax: ▓▓▓▓▓▓
   *Attorneys for People of the State of California*
9

**FILED/ENDORSED**

SEP 2 6 2016

By ▓▓▓▓▓ Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              IN AND FOR THE COUNTY OF SACRAMENTO

12

13 | **PEOPLE OF THE STATE OF**        Case No.
   | **CALIFORNIA,**
14

15                          Plaintiff,

16              v.

17 **1. CARL FERRER**
      (DOB: ▓▓▓▓▓ ) (Xref #509401D   )        **CRIMINAL COMPLAINT**

18 **2. MICHAEL LACEY**
      (DOB: ▓▓▓▓▓ ) (Xref #5094013   )
19

20 **3. JAMES LARKIN**
      (DOB: ▓▓▓▓▓ ) (Xref #5094012   )

21

22                          Defendants.

23    I, the undersigned, say on information and belief, that in the County of Sacramento, State of

    California:
24

25                                  **COUNT ONE**
                     **(Penal Code sections 182/266h, PIMPING CONSPIRACY)**
26

27    On or between January 1, 2010 and September 26, 2016, in the County of Sacramento and

    throughout the state of California, Defendants FERRER, LACEY, and LARKIN did unlawfully
28

                                        1

1  commit the crime of CONSPIRACY in violation of section 182(a)(1) of the Penal Code in that

2  said Defendants did unlawfully conspire together with each other and with others whose identities

3  are known and unknown, to commit the crime of pimping, in violation of section 266h of the

4  Penal Code, a felony; and that pursuant to and for the purposes of carrying out the objectives of

5  the aforesaid conspiracy, the said Defendants committed the following overt acts, throughout the

6  alleged time period:

### Overt Act 1

8  On or between January 1, 2010 and September 26, 2016, Defendants LARKIN and

9  LACEY owned a website at www.Backpage.com, which provided online classified ad services.

### Overt Act 2

11  On or between January 1, 2010 and September 26, 2016 Defendants LARKIN, LACEY,

12  and FERRER operated Backpage.com.

### Overt Act 3

14  On or between January 1, 2010 and May 2015, Defendants LARKIN, LACEY, and

15  FERRER required users of Backpage.com to pay to post escort advertisements in the adult

16  services section, unlike any other section of the website.

### Overt Act 4

18  Defendant FERRER developed and oversaw a process to screen escort ads on

19  Backpage.com.

### Overt Act 5

21  Defendant FERRER directed the creation of two additional websites, EvilEmpire.com and

22  BigCity.com.

### Overt Act 6

24  Defendant FERRER used content from escort advertisements on Backpage.com to create

25  advertisements on EvilEmpire.com and BigCity.com.

### Overt Act 7

27  On or about late 2013, Defendant FERRER arranged for credit card transactions to be

28  processed by Jetpay because financial institutions were blocking transactions with Backpage.com.

2

1

### Overt Act 8

2    Between October 2014 and May 2015, Backpage accepted at least $2,000,000.00 per month

3    in payments from people posting adult section advertisements in California.

4

### Overt Act 9

5    On or about September 10, 2014, Backpage.com received a credit card payment in the

6    amount of $20.60 for posting an escort advertisement in Sacramento County featuring minor A.C.

7

8

### Overt Act 10

9    On or about August 19, 2014, Backpage.com received a credit card payment in the amount

10   of $12.00 for posting an escort advertisement in Los Angeles County featuring minor E.V.

11

### Overt Act 11

12   On or about February 8, 2015, Backpage.com received a credit card payment in the amount

13   of $10.00 for posting an escort advertisement in Santa Clara County featuring minor L.F.

14

15

### Overt Act 12

16   On or about July 25, 2015, Backpage.com posted an escort advertisement in Sacramento

     County featuring minor E.S.

17

18

### Overt Act 13

19   On or about February 1, 2015, Backpage.com received a payment in the amount of $10.00

20   for posting an escort advertisement in Los Angeles County featuring minor Z.G.

21

22

### Overt Act 14

23   On or about October 7, 2012, Backpage.com received a credit card payment in the amount

     of $7.00 for posting an escort advertisement in Sacramento County featuring A.H.

24

25

### Overt Act 15

26   On or about July 30, 2014, Backpage.com received a payment in the amount of $5.00 for

27   posting an escort advertisement in Sacramento County featuring S.C.

28

**Overt Act 16**

On or about August 19, 2014, Backpage.com received a credit card payment in the amount of $12.00 for posting an escort advertisement in Los Angeles County featuring L.B.

**Overt Act 17**

On or about April 4, 2015, Backpage.com received a credit card payment in the amount of $3.00 for posting an escort advertisement in Sacramento County featuring K.A.

**COUNT TWO**
**(Penal Code section 266h(b)(2), PIMPING A MINOR UNDER 16 YEARS OF AGE)**

For a further and separate cause of action, being a different offense from, but connected in its commission with, the charge set forth above, on or about and between September 1, 2014 through December 31, 2014, in the County of Sacramento, Defendant FERRER did unlawfully commit the crime of pimping of a minor, in violation of Penal Code section 266h(b), in that said Defendant, knowing A.C. a minor under 16 years of age, to engage in prostitution, did live and derive support and maintenance in whole or in part from the earnings and proceeds of said prostitution or from money loaned to or advanced to and charged against said prostitute by a keeper manager and inmate of a house and other place where prostitution was practiced or allowed or did unlawfully, knowing A.C., a minor under 16 years of age, to engage in prostitution, solicit and receive compensation for soliciting for said prostitute.

NOTICE: Conviction of this offense will require you to register pursuant to Penal Code section 290. Willful failure to register is a crime.

NOTICE: Pursuant to Penal Code sections 11166 and 11168, a Suspected Child Abuse Report (SCAR) may have been generated in this case. Penal Code sections 11167 and 11167.5 limit access to a SCAR. A court-issued protective order is necessary to obtain a copy of the report.

**COUNT THREE**
**(Penal Code section 266h(b)(2), PIMPING A MINOR UNDER 16 YEARS OF AGE)**

For a further and separate cause of action, being a different offense from, but connected in its commission with, the charge set forth above, on or about and between August 1, 2014 through

4

1   January 1, 2015, in the County of Los Angeles, Defendant FERRER did unlawfully commit the

2   crime of pimping, in violation of Penal Code section 266h(a), in that said Defendant, knowing

3   E.V., to be a prostitute, did live and derive support and maintenance in whole or in part from the

4   earnings and proceeds of said prostitution or from money loaned to or advanced to and charged

5   against said prostitute by a keeper manager and inmate of a house and other place where

6   prostitution was practiced or allowed, or did unlawfully, knowing E.V., to be a prostitute, solicit

7   and receive compensation for soliciting for said prostitute.

8       NOTICE: Conviction of this offense will require you to register pursuant to Penal Code

9   section 290. Willful failure to register is a crime.

10      NOTICE: Pursuant to Penal Code sections 11166 and 11168, a Suspected Child Abuse

11  Report (SCAR) may have been generated in this case. Penal Code sections 11167 and 11167.5

12  limit access to a SCAR. A court-issued protective order is necessary to obtain a copy of the

13  report.

14
                            **COUNT FOUR**
    **(Penal Code section 266h(b)(2), PIMPING A MINOR UNDER 16 YEARS OF AGE)**

15      For a further and separate cause of action, being a different offense from, but connected in

16  its commission with, the charge set forth above, on or about and between January 1, 2015 through

17  February 28, 2015, in the County of Santa Clara, Defendant FERRER did unlawfully commit the

18  crime of pimping of a minor, in violation of Penal Code section 266h(b), in that said Defendant,

19  knowing L.F., a minor under 16 years, to engage in prostitution, did live and derive support and

20  maintenance in whole or in part from the earnings and proceeds of said prostitution or from

21  money loaned to or advanced to and charged against said prostitute by a keeper manager and

22  inmate of a house and other place where prostitution was practiced or allowed, or did unlawfully,

23  knowing L.F., a minor under 16 years of age, to engage in prostitution, solicit and receive

24  compensation for soliciting for said prostitute.

25      NOTICE: Conviction of this offense will require you to register pursuant to Penal Code

26  section 290. Willful failure to register is a crime.

27

28

5

1    NOTICE: Pursuant to Penal Code sections 11166 and 11168, a Suspected Child Abuse

2    Report (SCAR) may have been generated in this case. Penal Code sections 11167 and 11167.5

3    limit access to a SCAR. A court-issued protective order is necessary to obtain a copy of the

4    report.

5                                **COUNT FIVE**

6    **(Penal Code sections 266h(b)(2)/664), ATTEMPTED PIMPING OF A MINOR UNDER 16)**

7    For a further and separate cause of action, being a different offense from, but connected in

8    its commission with, the charge set forth above, on or about and between July 1, 2015 through

9    August 31, 2015, in the County of Sacramento, Defendant FERRER did unlawfully commit the

10   crime of attempted pimping of a minor, in violation of Penal Code sections 266h(a)/664, in that

11   said Defendant, knowing E.S., a minor under 16 years of age, to engage in prostitution, did live

12   and derive support and maintenance in whole or in part from the earnings and proceeds of said

13   prostitution or from money loaned to or advanced to and charged against said prostitute by a

14   keeper manager and inmate of a house and other place where prostitution was practiced or

15   allowed, or did unlawfully, knowing E.S., a minor under 16 years of age, to engage in

16   prostitution, solicit and receive compensation for soliciting for said prostitute.

17   NOTICE: Conviction of this offense will require you to register pursuant to Penal Code

18   section 290. Willful failure to register is a crime.

19   NOTICE: Pursuant to Penal Code sections 11166 and 11168, a Suspected Child Abuse

20   Report (SCAR) may have been generated in this case. Penal Code sections 11167 and 11167.5

21   limit access to a SCAR. A court-issued protective order is necessary to obtain a copy of the

22   report.

23                                 **COUNT SIX**

24   **(Penal Code section 266h(b)(2), PIMPING A MINOR)**

25   For a further and separate cause of action, being a different offense from, but connected in

26   its commission with, the charge set forth above, on or about and between June 1, 2015 through

27   September 30, 2015, in the County of Los Angeles, Defendant FERRER did unlawfully commit

28   the crime of pimping of a minor, in violation of Penal Code section 266h(b), in that said

6

1   Defendant, knowing Z.G., a minor, to engage in prostitution, did live and derive support and

2   maintenance in whole or in part from the earnings and proceeds of said prostitution or from

3   money loaned to or advanced to and charged against said prostitute by a keeper manager and

4   inmate of a house and other place where prostitution was practiced or allowed, or did unlawfully,

5   knowing Z.G., a minor, to engage in prostitution, solicit and receive compensation for soliciting

6   for said prostitute.

7       NOTICE: Conviction of this offense will require you to register pursuant to Penal Code

8   section 290. Willful failure to register is a crime.

9       NOTICE: Pursuant to Penal Code sections 11166 and 11168, a Suspected Child Abuse

10  Report (SCAR) may have been generated in this case. Penal Code sections 11167 and 11167.5

11  limit access to a SCAR. A court-issued protective order is necessary to obtain a copy of the

12  report.

13                                  **COUNT SEVEN**
                          **(Penal Code section 266h(a), PIMPING)**
14

15      For a further and separate cause of action, being a different offense from, but connected in

16  its commission with, the charge set forth above, on or about and between April 28, 2014 through

17  March 6, 2015, in the County of Sacramento, Defendant FERRER did unlawfully commit the

18  crime of pimping, in violation of Penal Code section 266h(a), in that said Defendant, knowing

19  A.H., to be a prostitute, did live and derive support and maintenance in whole or in part from the

20  earnings and proceeds of said prostitution or from money loaned to or advanced to and charged

21  against said prostitute by a keeper manager and inmate of a house and other place where

22  prostitution was practiced or allowed, or did unlawfully, knowing A.H., to be a prostitute, solicit

23  and receive compensation for soliciting for said prostitute.

24                                  **COUNT EIGHT**
                          **(Penal Code section 266h(a), PIMPING)**
25

26      For a further and separate cause of action, being a different offense from, but connected in

27  its commission with, the charge set forth above, on or about and between July 1, 2014 through

    August 31, 2015, in the County of Sacramento, Defendant FERRER did unlawfully commit the

28

7

1  crime of pimping, in violation of Penal Code section 266h(a), in that said Defendant, knowing

2  S.C., to be a prostitute, did live and derive support and maintenance in whole or in part from the

3  earnings and proceeds of said prostitution or from money loaned to or advanced to and charged

4  against said prostitute by a keeper manager and inmate of a house and other place where

5  prostitution was practiced or allowed, or did unlawfully, knowing S.C., to be a prostitute, solicit

6  and receive compensation for soliciting for said prostitute.

7

**COUNT NINE**
**(Penal Code section 266h(a))**

8

9  For a further and separate cause of action, being a different offense from, but connected in

10  its commission with, the charge set forth above, on or about and between August 1, 2014 and

11  August 31, 2014, in the County of Los Angeles, Defendant FERRER did unlawfully commit the

12  crime of pimping, in violation of Penal Code section 266h(a), in that said Defendant, knowing

13  L.B. to be a prostitute, did live and derive support and maintenance in whole or in part from the

14  earnings and proceeds of said prostitution or from money loaned to or advanced to and charged

15  against said prostitute by a keeper manager and inmate of a house and other place where

16  prostitution was practiced or allowed, or did unlawfully, knowing  L.B. to be a prostitute, solicit

17  and receive compensation for soliciting for said prostitute.

18

**COUNT TEN**
**(Penal Code section 266h(a))**

19

20  For a further and separate cause of action, being a different offense from, but connected in

21  its commission with, the charge set forth above, on or about and between January 1, 2016 to June

22  1, 2016 in the County of Sacramento, Defendant FERRER did unlawfully commit the crime of

23  pimping, in violation of Penal Code section 266h(a), in that said Defendant, knowing K.A. to be a

24  prostitute, did live and derive support and maintenance in whole or in part from the earnings and

25  proceeds of said prostitution or from money loaned to or advanced to and charged against said

26  prostitute by a keeper manager and inmate of a house and other place where prostitution was

27  practiced or allowed, or did unlawfully, knowing K.A. to be a prostitute, solicit and receive

28  compensation for soliciting for said prostitute.

8

1    NOTICE: Penal Code section 1203.065(a) prohibits a grant of probation for offenses

2    charged in counts 2-10).

3    Pursuant to Penal Code section 1054.5(b), the People hereby informally request that

4    defense counsel provide the People with discovery as required by Penal Code section 1054.3.

5    DECLARATION

6    Filed herewith and incorporated by reference is a declaration in support of arrest warrant. I

7    declare under penalty of perjury, pursuant to Penal Code section 806, that the forgoing is true and

8    correct.

9

10   Dated: September 26, 2016                          Respectfully Submitted,

11                                                       KAMALA D. HARRIS
                                                         Attorney General of California
12

13                                                       *Maggy Krell* [signature]

14

15                                                       MAGGY KRELL
                                                         Supervising Deputy Attorney General
16                                                       *Attorneys for People*

17   SA2013311583
     32562042

18

19

20

21

22

23

24

25

26

27

28

9

1    KAMALA D. HARRIS
     Attorney General of California
2    ROBERT MORGESTER
     Senior Assistant Attorney General
3    RANDY MAILMAN
     Deputy Attorney General
4    MAGGY KRELL
     Supervising Deputy Attorney General
5    State Bar No. 226675
        1300 I Street, Suite 125
6      P.O. Box 944255
7      Sacramento, CA 94244-2550
     Telephone: (916) 327-1995
8      Fax: (916) 322-2368
     *Attorneys for the People of the State of California*

9

10             SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               IN AND FOR THE COUNTY OF SACRAMENTO

12

13    **PEOPLE OF THE STATE OF CALIFORNIA,**      Case No. *16 FE024013*

14

15                  Plaintiff,

16    v.

17    **1. CARL FERRER**           **FELONY CRIMINAL COMPLAINT**
     (DOB: ~~████~~) (Xref # ~~████~~)

18    **2. MICHAEL LACEY**          Date: January 11, 2017
19      (DOB: ~~████~~) (Xref # ~~████~~)    Time: 10:30 a.m.
                              Department: 8

20    **3. JAMES LARKIN**
     (DOB: ~~████~~) (Xref # ~~████~~)

21

22                  Defendants.

23        l, the undersigned, say on information and belief, that in the County of Sacramento, State of

24    California:

25    / / /

26    / / /

27    / / /

28

                                     1

FILED
ENDORSED

DEC. 23 2016

By _____ J. FRANCIS
         Deputy Clerk

## COUNT ONE

### (Penal Code sections 182/186.10, MONEY LAUNDERING CONSPIRACY)

On or between January 1, 2013 and September 1, 2016, in the County of Sacramento and throughout the State of California, **DEFENDANTS FERRER, LACEY**, and **LARKIN** did unlawfully commit the crime of CONSPIRACY in violation of section 182(a)(1) of the Penal Code in that said Defendants did unlawfully conspire together with each other and with others whose identities are known and unknown, to commit the crime of money laundering, in violation of section 186.10 of the Penal Code, a felony; and that pursuant to and for the purposes of carrying out the objectives of the aforesaid conspiracy, the said Defendants committed the following overt acts, throughout the alleged time period:

**Overt Act 1**

Defendants owned and operated multiple websites, including Backpage.com.

**Overt Act 2**

On August 27, 2013, Defendant Ferrer notified Backpage personnel that customers' payment attempts were being denied and credit processors were refusing to process Backpage transactions because of overtly sexual content and questionable practices.

**Overt Act 3**

Defendants created the company, Classified Solutions, LTD.

**Overt Act 4**

Defendants created the company, Website Technologies, LLC.

**Overt Act 5**

Defendants created the company Postfaster LLC and made Nathan Kopecky, Backpage's Chief Financial Officer, the President.

**Overt Act 6**

Defendants applied for merchant accounts for said companies.

**Overt Act 7**

Defendants created multiple classified sites including Ymas, Postfastr, and Truckrjobs.

/ / /

2

**Overt Act 8**

Defendant Ferrer applied for a merchant account with the payment processor Stripe for the classified site Postfastr.com. He omitted any reference to Backpage.com, but planned to use the account to process Backpage transactions.

**Overt Act 9**

After Stripe notified Defendant Ferrer that it was closing the account, Defendant Ferrer directed Kopecky to tell Stripe that Postfaster LLC had no connection to Backpage and was a site that hosted ads for truck drivers and other jobs.

**Overt Act 10**

In early 2015, Defendant Ferrer received notice from American Express that the company would not process Backpage transactions after **May 1, 2015.** Defendant Ferrer directed Backpage personnel to "bury" a message notifying users that American Express would not be accepted, but to process any American Express payments that Backpage users attempted.

**Overt Act 11**

Defendant Ferrer also directed Backpage personnel to contact American Express users and guide them through a process to use American Express to purchase "credits" on Postfastr.com which could then be used on Backpage.com.

**Overt Act 12**

In May of 2015, Defendants conducted $48,288.85 in American Express transactions from Backpage's female Escort section throughout California, including Sacramento County.

**Overt Act 13**

In May of 2015, Defendants conducted $7,904.00 in credits purchased via American Express on Postfastr.com.

**Overt Act 14**

In June of 2015, Defendants conducted $31,786.25 in American Express transactions from Backpage's female Escort section throughout California, including Sacramento County.

/ / /

/ / /

3

**Overt Act 15**

In June of 2015, Defendants conducted $16,152.32 in credits purchased via American Express on Postfastr.com.

**Overt Act 16**

In July of 2015, defendants conducted $11,105.78 in American Express transactions from Backpage's female Escort section users throughout California, including Sacramento county.

**Overt Act 17**

From July 1 through 7, 2015, Defendants conducted $8,771.90 in credits purchased via American Express on Postfastr.com.

**Overt Act 18**

Defendant Ferrer directed Backpage personnel to alter billing descriptors on Backpage.com transactions to eliminate references to Backpage.

**Overt Act 19**

Between August 1, 2013 and October 31, 2016, Defendants received approximately $45,202,288.49 from transactions initially purchased through Backpage.com's Escort categories throughout California, including Sacramento County.

**COUNT TWO**

**(Penal Code section 186.10(a)(2), MONEY LAUNDERING)**

On or about and between July 1, 2014 and July 31, 2014, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $1,082,934.67; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

/ / /

/ / /

/ / /

4

## COUNT THREE

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between August 1, 2014 and August 31, 2014, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $2,063,128.70; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

## COUNT FOUR

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between September 1, 2014 and September 30, 2014, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $2,086,152.04; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

## COUNT FIVE

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between October 1, 2014 and October 31, 2014, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $2,212,972.21; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

## COUNT SIX

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between November 1, 2014 and November 30, 2014, throughout California, including Sacramento County, the crime of money MONEY LAUNDERING, in

5

1  violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did

2  willfully and unlawfully conduct transactions involving monetary instruments of a total value

3  exceeding $25,000, to wit: $2,148,391.52; knowing that such monetary instrument or instruments

4  represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal

5  activity.

6                                **COUNT SEVEN**

7                **(Penal Code section 186.10(a)(2), MONEY LAUNDERING)**

8          On or about and between December 1, 2014 and December 31, 2014, throughout

9  California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of

10  Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and

11  unlawfully conduct transactions involving monetary instruments of a total value exceeding

12  $25,000, to wit: $2,252,053.16; knowing that such monetary instrument or instruments represent

13  the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

14                                **COUNT EIGHT**

15               **(Penal Code section 186.10(a)(2), MONEY LAUNDERING)**

16         On or about and between January 1, 2015 and January 31, 2015, throughout California,

17  including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code

18  section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully

19  conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit:

20  $2,338,789.97; knowing that such monetary instrument or instruments represent the proceeds of,

21  or is derived directly or indirectly from the proceeds of criminal activity.

22                                **COUNT NINE**

23               **(Penal Code section 186.10(a)(2), MONEY LAUNDERING)**

24         On or about and between February 1, 2015 and February 28, 2015, throughout California,

25  including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code

26  section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully

27  conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit:

28

$2,185,513.27; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

### COUNT TEN

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between March 1, 2015 and March 31, 2015, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $2,556,274.11; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

### COUNT ELEVEN

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between April 1, 2015 and April 30, 2015, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $2,620,805.68; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

### COUNT TWELVE

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between May 1, 2015 and May 31, 2015, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants LARKIN AND FERRER**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $48,288.85; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

///

7

## COUNT THIRTEEN

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between June 1, 2015 and June 30, 2015, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants LARKIN AND FERRER**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $31,786.25; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

## COUNT FOURTEEN

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between July 1, 2015 and July 30, 2015, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $598,695.98; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

## COUNT FIFTEEN

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between August 1, 2015 and August 31, 2015, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $383,801.33; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

/ / /

/ / /

/ / /

8

**COUNT SIXTEEN**

**(Penal Code section 186.10(a)(2), MONEY LAUNDERING)**

On or about and between September 1, 2015 and September 30 2015, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $347,802.26; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

**COUNT SEVENTEEN**

**(Penal Code section 186.10(a)(2), MONEY LAUNDERING)**

On or about and between October 1, 2015 and October 31, 2015, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $711,060.93; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

**COUNT EIGHTEEN**

**(Penal Code section 186.10(a)(2), MONEY LAUNDERING)**

On or about and between November 1, 2015 and November 30, 2015, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $790,762.69; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

**COUNT NINETEEN**

**(Penal Code section 186.10(a)(2), MONEY LAUNDERING)**

On or about and between December 1, 2015 and December 31, 2015, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of

9

Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $1,169,547.13; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

**COUNT TWENTY**

**(Penal Code section 186.10(a)(2), MONEY LAUNDERING)**

On or about and between January 1, 2016 and January 31, 2016, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $1,273,683.55; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

**COUNT TWENTY ONE**

**(Penal Code section 186.10(a)(2), MONEY LAUNDERING)**

On or about and between February 1, 2016 and February 28, 2016, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $1,203,777.10; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

**COUNT TWENTY TWO**

**(Penal Code section 186.10(a)(2), MONEY LAUNDERING)**

On or about and between March 1, 2016 and March 31, 2016, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $1,283,050.72; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

10

## COUNT TWENTY THREE

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between April 1, 2016 and April 30, 2016, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $1,387,266.85; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

## COUNT TWENTY FOUR

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between May 1, 2016 and May 31, 2016, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $1,477,020.43; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

## COUNT TWENTY FIVE

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between June 1, 2016 and June 30, 2016, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit: $1,469,458.14; knowing that such monetary instrument or instruments represent the proceeds of, or is derived directly or indirectly from the proceeds of criminal activity.

## COUNT TWENTY SIX

### (Penal Code section 186.10(a)(2), MONEY LAUNDERING)

On or about and between July 1, 2016 and July 31, 2016, throughout California, including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code section

11

1   186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully conduct

2   transactions involving monetary instruments of a total value exceeding $25,000, to wit:

3   $1,534,210.45; knowing that such monetary instrument or instruments represent the proceeds of,

4   or is derived directly or indirectly from the proceeds of criminal activity.

5                          **COUNT TWENTY SEVEN**

6              **(Penal Code section 186.10(a)(2), MONEY LAUNDERING)**

7       On or about and between August 1, 2016 and August 31, 2016, throughout California,

8   including Sacramento County, the crime of MONEY LAUNDERING, in violation of Penal Code

9   section 186.10(a)(2), a felony, was committed by **Defendants**, who did willfully and unlawfully

10  conduct transactions involving monetary instruments of a total value exceeding $25,000, to wit:

11  $1,564,182.72; knowing that such monetary instrument or instruments represent the proceeds of,

12  or is derived directly or indirectly from the proceeds of criminal activity.

13                         **COUNT TWENTY EIGHT**

14            **(Penal Code sections 182/266h, PIMPING CONSPIRACY)**

15      On or between January 1, 2010 and September 28, 2016, in the County of Sacramento and

16  throughout the State of California, **Defendants** did unlawfully commit the crime of

17  CONSPIRACY in violation of section 182(a)(1) of the Penal Code in that said Defendants did

18  unlawfully conspire together with each other and with others whose identities are known and

19  unknown, to commit the crime of pimping, in violation of section 266h of the Penal Code, a

20  felony; and that pursuant to and for the purposes of carrying out the objectives of the aforesaid

21  conspiracy, the said Defendants committed the following overt acts, throughout the alleged time

22  period:

23      **Overt Act 1**

24      On or about September 10, 2014, Defendants received prostitution earnings from A.C., a

25      minor, in Sacramento County.

26      **Overt Act 2**

27      On or about August 19, 2014, Defendants received prostitution earnings from E.V., a

28      minor, in Los Angeles County.

12

**Overt Act 3**

On or about February 8, 2015, Defendants received prostitution earnings from L.F., a minor, in Santa Clara County.

**Overt Act 4**

On or about February 1, 2015, Defendants received prostitution earnings from Z.G., a minor, in Los Angeles County.

**Overt Act 5**

On or about October 7, 2012, Defendants received prostitution earnings from A.H. in Sacramento County.

**Overt Act 6**

On or about July 30, 2014, Defendants received prostitution earnings from S.C. in Sacramento County.

**Overt Act 7**

On or about August 19, 2014, Defendants received prostitution earnings from L.B. in Los Angeles County.

**Overt Act 8**

On or about April 4, 2015, Defendants received prostitution earnings from K.A. in Sacramento County.

**Overt Act 9**

On or about November 6, 2015, Defendants received prostitution earnings from C.U., a minor, in Sacramento County.

**Overt Act 10**

On or about August 12, 2016, Defendants received prostitution earnings from A.B., a minor, in Fresno County.

**Overt Act 11**

On or about November 22, 2015, Defendants received prostitution earnings from A.F. in Sacramento County.

///

**Overt Act 12**

Between December 6, 2015 to December 28, 2015, Defendants received prostitution earnings from S.D., a minor, in Santa Clara County.

**Overt Act 13**

Defendants owned and operated multiple websites, including Backpage.com.

**Overt Act 14**

Defendants used Backpage.com to collect the earnings of prostitutes and their pimps.

**Overt Act 15**

Defendants designed and used other websites to increase web traffic to Backpage.com and thereby increase its own revenue from the illegal sex trade.

**Overt Act 16**

Defendants designed two of their websites, BigCity and EvilEmpire, using content developed by Defendants and their employees with the purpose of promoting Backpage's prostitution business and monopolizing the market.

**Overt Act 17**

Defendants created profiles for thousands of victims, including minors, on BigCity and EvilEmpire.

**Overt Act 18**

Defendants created profiles for the victims named in counts 29, 30, 31, 32, 35, 36, 37-40 without their knowledge.

**Overt Act 19**

Victims could not remove or edit the pictures or information the defendant's placed on EvilEmpire and when one victim contacted Backpage, staff replied that Backpage was not affiliated with EvilEmpire and could not remove her picture.

**Overt Act 20**

Defendants created other websites that were unrelated to prostitution. Defendants used these websites to process prostitution-related transactions when financial institutions were unwilling to conduct business with Defendants.

14

## COUNT TWENTY NINE

### (Penal Code section 266h(b)(2), PIMPING A MINOR UNDER 16 YEARS OF AGE)

For a further and separate cause of action, being a different offense from, but connected in its commission with, the charge set forth above, on or about and between September 1, 2014 through December 31, 2014, in the County of Sacramento, **Defendant FERRER** did unlawfully commit the crime of PIMPING OF A MINOR, in violation of Penal Code section 266h(b)(2), in that said Defendant, knowing A.C., a minor under 16 years of age, to engage in prostitution, did live and derive support and maintenance in whole or in part from the earnings and proceeds of said prostitution.

## COUNT THIRTY

### (Penal Code section 266h(b)(2), PIMPING A MINOR UNDER 16 YEARS OF AGE)

For a further and separate cause of action, being a different offense from, but connected in its commission with, the charge set forth above, on or about and between August 1, 2014 through January 1, 2015, in the County of Los Angeles, **Defendant FERRER** did unlawfully commit the crime of PIMPING OF A MINOR in violation of Penal Code section 266h(b)(2), in that said Defendant, knowing E.V., a minor under 16, to be a prostitute, did live and derive support and maintenance in whole or in part from the earnings and proceeds of said prostitution.

## COUNT THIRTY ONE

### (Penal Code section 266h(b)(2), PIMPING A MINOR UNDER 16 YEARS OF AGE)

For a further and separate cause of action, being a different offense from, but connected in its commission with, the charge set forth above, on or about and between January 1, 2015 through February 28, 2015, in the County of Santa Clara, **Defendant FERRER** did unlawfully commit the crime of PIMPING OF A MINOR in violation of Penal Code section 266h(b)(2), in that said Defendant, knowing L.F., a minor under 16 years, to engage in prostitution, did live and derive support and maintenance in whole or in part from the earnings and proceeds of said prostitution.

/ / /

/ / /

/ / /

15

### COUNT THIRTY TWO

**(Penal Code section 266h(b)(1), PIMPING A MINOR)**

For a further and separate cause of action, being a different offense from, but connected in its commission with, the charge set forth above, on or about and between June 1, 2015 through September 30, 2015, in the County of Los Angeles, **Defendant FERRER** did unlawfully commit the crime of PIMPING OF A MINOR in violation of Penal Code section 266h(b)(1), in that said Defendant, knowing Z.G., a minor, to engage in prostitution, did live and derive support and maintenance in whole or in part from the earnings and proceeds of said prostitution.

### COUNT THIRTY THREE

**(Penal Code section 266h(a), PIMPING)**

For a further and separate cause of action, being a different offense from, but connected in its commission with, the charge set forth above, on or about and between April 28, 2014 through March 6, 2015, in the County of Sacramento, **Defendant FERRER** did unlawfully commit the crime of PIMPING in violation of Penal Code section 266h(a), in that said Defendant, knowing A.H. to be a prostitute, did live and derive support and maintenance in whole or in part from the earnings and proceeds of said prostitution.

### COUNT THIRTY FOUR

**(Penal Code section 266h(a), PIMPING)**

For a further and separate cause of action, being a different offense from, but connected in its commission with, the charge set forth above, on or about and between July 1, 2014 through August 31, 2015, in the County of Sacramento, **Defendant FERRER** did unlawfully commit the crime of PIMPING in violation of Penal Code section 266h(a), in that said Defendant, knowing S.C. to be a prostitute, did live and derive support and maintenance in whole or in part from the earnings and proceeds of said prostitution.

### COUNT THIRTY FIVE

**(Penal Code section 266h(a), PIMPING)**

For a further and separate cause of action, being a different offense from, but connected in its commission with, the charge set forth above, on or about and between August 1, 2014 and

16

1  August 31, 2014, in the County of Los Angeles, **Defendant FERRER** did unlawfully commit the

2  crime of PIMPING in violation of Penal Code section 266h(a), in that said Defendant, knowing

3  L.B. to be a prostitute, did live and derive support and maintenance in whole or in part from the

4  earnings and proceeds of said prostitution.

5  **COUNT THIRTY SIX**

6  **(Penal Code section 266h(a), PIMPING)**

7  For a further and separate cause of action, being a different offense from, but connected in

8  its commission with, the charge set forth above, on or about and between January 1, 2016 to June

9  1, 2016 in the County of Sacramento, **Defendant FERRER** did unlawfully commit the crime of

10  PIMPING in violation of Penal Code section 266h(a), in that said Defendant, knowing K.A. to be

11  a prostitute, did live and derive support and maintenance in whole or in part from the earnings

12  and proceeds of said prostitution.

13  **COUNT THIRTY SEVEN**

14  **(Penal Code section 266h(b)(1), PIMPING A MINOR 16 YEARS OF AGE)**

15  For a further and separate cause of action, being a different offense from, but connected in

16  its commission with, the charge set forth above, on or about and between November 1, 2014

17  through November 6, 2015, in the County of Sacramento, **Defendant FERRER** did unlawfully

18  commit the crime of PIMPING OF A MINOR in violation of Penal Code section 266h(b)(1), in

19  that said Defendant, knowing C.U., a minor over 16 years, to engage in prostitution, did live and

20  derive support and maintenance in whole or in part from the earnings and proceeds of said

21  prostitution.

22  **COUNT THIRTY EIGHT**

23  **(Penal Code section 266h(b)(1), PIMPING A MINOR 16 YEARS OF AGE)**

24  For a further and separate cause of action, being a different offense from, but connected in

25  its commission with, the charge set forth above, on or about August 12, 2016 in the County of

26  Fresno, **Defendant FERRER** did unlawfully commit the crime of PIMPING OF A MINOR in

27  violation of Penal Code section 266h(b)(1), in that said Defendant, knowing A.B., a minor over

28

17

16 years, to engage in prostitution, did live and derive support and maintenance in whole or in part from the earnings and proceeds of said prostitution.

### COUNT THIRTY NINE

### (Penal Code section 266h(a), PIMPING)

For a further and separate cause of action, being a different offense from, but connected in its commission with, the charge set forth above, on or about and between November 22, 2015 and December 5, 2015, in the County of Sacramento, **Defendant FERRER** did unlawfully commit the crime of PIMPING in violation of Penal Code section 266h(a), in that said Defendant, knowing A.F. to be a prostitute, did live and derive support and maintenance in whole or in part from the earnings and proceeds of said prostitution.

### COUNT FORTY

### (Penal Code section 266h(b)(2), PIMPING A MINOR UNDER 16 YEARS OF AGE)

For a further and separate cause of action, being a different offense from, but connected in its commission with, the charge set forth above, on or about and between December 6, 2015 to December 28, 2015 in the County of Santa Clara, **Defendant FERRER** did unlawfully commit the crime of PIMPING OF A MINOR in violation of Penal Code section 266h(b)(2), in that said Defendant, knowing S.D., a minor under 16 years, to engage in prostitution, did live and derive support and maintenance in whole or in part from the earnings and proceeds of said prostitution.

### PENAL CODE SECTION 186.10 ENHANCEMENT ALLEGATION

Pursuant to Penal Code section 186.10(c)(1)(B), it is further alleged as to counts 14-18 that the value of the individually alleged transactions exceeds one hundred fifty thousand dollars ($150,000) but is less than one million dollars ($1,000,000), so that the court, in addition to and consecutive to the felony punishment otherwise imposed pursuant to this section, shall impose an additional term of imprisonment of two years.

### PENAL CODE SECTION 186.10 ENHANCEMENT ALLEGATION

Pursuant to Penal Code section 186.10(c)(1)(C), it is further alleged as to counts 2-9, 19-26, that the value of the individually alleged transactions exceeds one million dollars ($1,000,000), but is less than two million five hundred thousand dollars ($2,500,000), so that the court, in

18

1  addition to and consecutive to the felony punishment otherwise imposed pursuant to this section,

2  shall impose an additional term of imprisonment of three years.

3  ## PENAL CODE SECTION 186.10 ENHANCEMENT ALLEGATION

4  Pursuant to Penal Code section 186.10(c)(1)(D), it is further alleged as to counts 10-11, that

5  the value of the individually alleged transactions exceeds two million five hundred thousand

6  dollars ($2,500,000), so that the court, in addition to and consecutive to the felony punishment

7  otherwise prescribed by this section, shall impose an additional term of imprisonment of four

8  years.

9  **NOTICE:** Conviction of the offenses charged in counts 28-32, 37-38, 40 will require you

10  to register pursuant to Penal Code section 290. Willful failure to register is a crime.

11  **NOTICE:** Per Penal Code sections 11166 and 11168, a Suspected Child Abuse Report

12  (SCAR) may have been generated in counts 28-32, 37-38, 40. Penal Code sections 11167 and

13  11167.5 limit access to a SCAR. A court-issued protective order is needed to obtain a copy of the

14  report.

15  **NOTICE:** Penal Code section 1203.065(a) prohibits a grant of probation for the offenses

16  charged in counts 28-40.

17  **NOTICE:** Per Penal Code section 1054.5(b), the People hereby informally request that

18  defense counsel provide the People with discovery as required by Penal Code section 1054.3.

19  ## DECLARATION

20  I declare under penalty of perjury, under Penal Code section 806, that the foregoing is true

21  and correct.

Dated: December 23, 2016

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California

MAGGY KRELL
Supervising Deputy Attorney General
*Attorneys for the People*

SA2013311583
32562042

19

CRIMINAL COMPLAINT